(No. 12277.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARION I. MULVANEY, Plaintiff in Error.

*Opinion filed December 18, 1918.*

1. CRIMINAL LAW—*what admissible as part of res gestæ.* On a trial for receiving stolen property, where the defendant's brother testifies that the automobile in question was left at his father's 'farm by two men on the night it is claimed it was stolen, the statements of such men that their lights had "gone bad" and they could go no further but would call for the automobile later are admissible as part of the *res gestæ* of the transaction.

2. SAME—*personal possession of recently stolen property is re-*
*quired.* To justify an instruction stating the rule that the unex-
plained possession by a person of property recently stolen is *prima*
*facie* evidence of guilt, the possession must be personal and exclu-
sive, and such instruction should not be given where there is no
evidence of such possession by defendant of the property stolen.

WRIT OF ERROR to the Circuit Court of Edgar county;
the Hon. WALTER BREWER, Judge, presiding.

DANIEL V. MILLER, and RICHARD S. DYAS, (J. E. DYAS,
of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, WILBUR H.
HICKMAN, State's Attorney, and FLOYD E. BRITTON,
(FRANK T. O'HAIR, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error was indicted, tried and convicted in
the circuit court of Edgar county of the crime of larceny,
at the June term, 1918, and judgment of indeterminate im-
prisonment was rendered against him by said court on the
verdict.

Marion I. Mulvaney, plaintiff in error, commonly called
in this record Pat Mulvaney, was at the time of the trial
about thirty-two years of age, a resident of Terre Haute,
Indiana, where he had resided for about five years, and
was engaged in the saloon business up to within less than
two months of the trial. A short time before the trial
that State was voted dry, after which time he continued
to keep his place open to sell soft drinks. On the evening
of April 22, 1918, A. L. Shellenberger went to the Metho-
dist church in Paris, in Edgar county, Illinois, to hear a
speech, leaving his Ford automobile standing in front of
a residence in the vicinity of the church. When he went
to get his automobile at the close of the meeting it was
missing. About ten days thereafter, in company with the
sheriff of Edgar county and a police official of Terre Haute,
he found his automobile in a barn near a farmhouse owned

by Isador Mulvaney, plaintiff in error's father. This farm-house was located about sixteen miles east of Paris and about five miles northwest of Terre Haute. One of the figures in the engine number of the car had been changed and the license number removed.

The evidence tends to show that at or about ten o'clock of the evening on which the car was taken two men drove the car to Isador Mulvaney's farmhouse. Isador Mulvaney's family consisted of himself, his son Charles and the latter's wife and child. Charles testified that after the family had gone to bed his attention was attracted by the noise of the car, and on going out on the porch to investigate he found two men in the car, who asked permission to leave it there, saying that the lights had gone bad and they could not go any further but would call for it later. He testified that he told them to run the car up the lane, between the house and barn, and leave it there. These two men never returned for the car and it was thereafter placed by Charles in the barn where it was found by the owner. On the morning following this occurrence, plaintiff in error, with two companions, went to his father's farm near Terre Haute to hunt mushrooms, and while there they saw the car in the lane. He testified that he did not examine it closely or do anything with the car; that on this same day two men, strangers to him, came into his saloon and offered to sell him the car; that they said they were broke, as they had been playing poker at Westville, Illinois, and had lost. He testified that this time he refused to buy, but the next day one of the men came back, and plaintiff in error having seen the car again in the meantime, bought the car at this second visit, paying $200. The evidence tends to show it was worth something over $300. He testified he bought the car, not for himself but for his brother, Charles. He denied that he had anything to do with taking the car or knew at the time he purchased it that it was stolen, and testified that he had never had it in his possession or con-

trol or had any knowledge of or guilty participation in the theft. In certain conversations that officers of the law testified they had with plaintiff in error after his arrest, in which they charged him with buying other cars that were stolen, he denied all guilty knowledge of the theft of this car or any connection with it. The evidence as to plaintiff in error's connection, if any, with the theft is entirely circumstantial. The theory upon which the case was tried by the State and argued in this court is, that plaintiff in error arranged for the selling of this car, as well as he had for others, and financed the business and disposed of the stolen property. The question whether evidence concerning the other stolen cars was proper on the trial of this case is not raised in the briefs, but it is clear that the nature of the evidence in this case is such that the rulings as to the law on the trial of the case should have been accurate.

It is argued by counsel for plaintiff in error that the trial court committed error in refusing to admit evidence in behalf of plaintiff in error as to what was said and done by his brother, Charles, and by the men in the car, when the car was left at the farm; that this evidence was admissible as a part of the *res gestæ,* which has been defined as "those circumstances which are the undesigned incidents of a particular litigated act and which are admissible when illustrative of such act." (1 Wharton on Evidence, sec. 259.) Whenever it becomes important to show, upon the trial of a cause, the occurrence of any fact or event, it is competent and proper also to show any accompanying act, declaration or exclamation which relates to or is explanatory of such fact or event. Such acts, declarations or exclamations are known to the law as *res gestæ.* (*Davids v. People,* 192 Ill. 176.) What was said and done between the brother, Charles, and the men who left the car at that time were acts done and words spoken explaining, illustrating or interpreting other parts of the transaction of which they were a part, and hence they were a part of the *res ges-*

*tæ* and admissible. (*Swanson* v. *Chicago City Railway Co.* 242 Ill. 388.) The trial court erred in not admitting this evidence.

Counsel for plaintiff in error further argue that the trial court committed reversible error in giving to the jury, on behalf of the People, instruction 3, which reads as follows:

"If you believe from all the evidence, beyond a reasonable doubt, that a larceny was committed, as alleged in the indictment, and that the automobile in question was stolen, and that shortly thereafter it was in the possession of the defendant, then the possession of such automobile by the defendant recently after the commission of the offense, if not satisfactorily accounted for, is *prima facie* evidence that the defendant committed such larceny of the automobile, and such evidence, if any, is sufficient to warrant a conviction of the defendant, unless there appears from the facts and circumstances and evidence a reasonable doubt of the defendant's guilt."

This instruction is almost identical with a similar instruction (No. 17) given for the State in *Miller* v. *People,* 229 Ill. 376. The only difference in the wording of the two instructions is, that the one in the *Miller case* read, "then that the possession of such buggy by the defendant recently after the commission of the offense, unsatisfactorily accounted for, is *prima facie* evidence," etc.,—that is, the words "if not satisfactorily," found in this instruction, read "unsatisfactorily" in the instruction in the *Miller case.* The evidence in this case, as in the *Miller case,* is entirely circumstantial as to the connection of the accused with the alleged crime. The giving of the third instruction might have misled the jury as to the amount of evidence necessary to justify the conviction. While the words "if not satisfactorily" may not be as open to objection as to their misleading quality as was the word "unsatisfactorily" in the *Miller case,* yet this instruction, as in that case, contains the objectionable clause, "such evidence, if any," and, as in that case,

the words "if any" might very naturally cause the jury to rely more on the testimony of the State as to such recent possession and discredit the explanation of plaintiff in error. For the reasons stated in the opinion in the *Miller case* we think the giving of this instruction was error. In one respect, perhaps, the misleading character of the instruction here was greater than in the *Miller case,* because in this case the evidence does not show that plaintiff in error had exclusive possession of the property in question. Not only must the possession be recent to be of weight in a case of this character, but it must be personal, exclusive and with a distinct implied or express assertion of ownership. A mere constructive possession is not enough. (Underhill on Crim. Evidence,—2d ed.—sec. 300.) The evidence clearly shows in this case that plaintiff in error never had exclusive or personal possession of the automobile in question. As applied to the facts in this case this instruction was misleading and inaccurate and should not have been given.

Counsel for the State insist that under the reasoning of this court in *People* v. *Everett,* 242 Ill. 628, the giving of this instruction was not error. The instruction in the *Everett case* was so very different in wording that we do not consider it controlling as applying to the instruction here in question.

Counsel for plaintiff in error also argue that the giving of the State's ninth instruction was error, on the ground that there was no evidence which tended to show that plaintiff in error knew anything about the car until the morning of April 23; that as this instruction was given on the basis that there was evidence which tended to show that he knew about the stealing of the car and aided, abetted or assisted in its wrongful taking, it is erroneous. We do not think this instruction misled the jury in this regard.

The judgment of the circuit court will be reversed and the cause remanded.          *Reversed and remanded.*