THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY BLADES *et al.* Plaintiffs in Error.

*Opinion filed February 24, 1928.*

1. CRIMINAL LAW—*when presumption of guilt arises from possession of stolen property—instruction.*   The presumption of guilt does not arise from the mere recent possession of stolen property but to give rise to such presumption the possession must also be exclusive and unexplained, and it is error to give an instruction which does not include such requirements;   and where there is more than one defendant the instruction should not be made to apply to one who is not shown to have had possession of the stolen property at any time.

2. SAME—*when instruction defining accessory before the fact should not be given.*   Instructions must be based upon the evidence in the case, and an instruction defining an accessory before the fact should not be given where there is no evidence tending to show that either of the defendants was an accessory before the fact.

WRIT OF ERROR to the Circuit Court of Williamson county;   the Hon. D. T. HARTWELL, Judge, presiding.

J. E. CARR, and GEORGE SAWYER, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, ARLIE O. BOS-
WELL, State's Attorney, and MERRILL F. WEHMHOFF, for
the People.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the
court:

Plaintiffs in error, Harry Blades and Loren Blades, at
the July, 1927, term of the circuit court of Williamson
county were indicted. The indictment consisted of two
counts, the first of which charged them with the larceny
of one Ford coupe automobile of the value of $400, of the
property of Goble Cargal, and the second with receiving the
same knowing it to have been stolen. They pleaded not
guilty. A trial resulted in a verdict finding them guilty of
the larceny of property of the value of $400. A motion for
a new trial having been overruled, judgment was rendered
upon the verdict. The record is now before this court for
review upon writ of error.

On the evening of September 8, 1926, Goble Cargal, of
Johnston City, parked his Ford coupe on one of the main
streets of that city. He was away from the car about fif-
teen minutes and when he returned to the place where it
had been parked found it was gone. About that time Wal-
ter Wells and another man, who were sitting on Broadway
street, noticed Cargal's car pass with two men in it whom
they did not recognize. Shortly thereafter Wells went to
the police station, and, learning that Cargal's car had been
stolen, gave his information, and he and the chief of police
of Johnston City took up the trail of the automobile and
followed it about six miles east and two miles north of the
city, where the trail was lost. The evidence shows that the
car was in the possession of plaintiff in error Harry Blades
some time the next morning, at which time he claimed to
have bought it. No evidence was introduced by the State

showing either of the plaintiffs in error to have been in possession of the car prior to that time, and no evidence was introduced showing that plaintiff in error Loren Blades ever had possession of the car or claimed any interest in it.

Plaintiffs in error presented two defenses, one of which was an alibi, and the other was that on the morning of September 9, 1927, Harry Blades purchased the car from Harry Turner at the residence of James Blades for the sum of $300. James Blades, Bessie Blades, L. O. Blades, George Blades and Harry Blades each testified that both plaintiffs in error were at the home of Oscar Blades on the 8th of September, 1926, from seven o'clock in the evening until eleven o'clock. Harry Blades, and Bessie Blades, who is the wife of James Blades, testified that plaintiffs in error stayed at the home of James Blades on the night of September 8, 1926; that on the morning of September 9 a man giving his name as Harry Turner came to the residence of James Blades with a Ford coupe which he offered to sell to Harry for $300; that Bessie Blades gave Harry his pocket-book, containing $350, and that he paid Turner $300 for the car, and that Harry and Turner then went to the residence of George Ray, a notary public, who drew up a bill of sale for the automobile. This bill of sale was offered in evidence. George Ray testified that on the morning of July 9 Harry Blades and a stranger, who gave his name as Harry Turner, came to his residence and that Turner executed the bill of sale. A couple of days thereafter Harry Blades, accompanied by Loren Blades, went to Hess, Indiana, on business for Harry's father. A few days thereafter the father, hearing a rumor that the car which Harry had purchased was a stolen car, went to Hess and told Harry of the rumor. They then took the car and turned it over to Jim Avery, a constable in Johnston City, and told him that they had heard that it was a stolen car and asked him to investigate the matter, and if he found that it was stolen to turn it over to the

owner. Avery investigated, found that it was Cargal's car, and turned it over to him about a week after it was stolen.

On the trial the court, at the request of the prosecution, gave to the jury the following instruction:

"The court instructs the jury that if you believe from the evidence, beyond a reasonable doubt, that the property described in the indictment was stolen and shortly thereafter was in the possession of the defendants, such possession raises the presumption that the person or persons having such possession stole the same and the burden is then upon such person or persons to show honest possession, not that honest possession must be shown by the evidence beyond a reasonable doubt, and not that honest possession must be shown by the weight of the evidence, but such possession must be accounted for at least to create a reasonable doubt of the guilt of the persons having such possession of such stolen property of as explained in these instructions, such reasonable doubt must come from the defendant's evidence or from the People's evidence or from all the evidence introduced upon the trial."

This instruction does not state the law correctly. The presumption of guilt does not arise from the mere recent possession of stolen property, but to give rise to such presumption the possession must also be exclusive and unexplained. (*People* v. *Lehner,* 326 Ill. 216; *Watts* v. *People,* 204 id. 233.) This instruction was also made to apply to Loren Blades, who was not shown by the evidence to have had possession of the car at any time.

The court also gave to the jury an instruction defining an accessory before the fact. This was error, as there was no evidence tending to show that either plaintiff in error was an accessory before the fact. Instructions must be based upon the evidence in the case.

For the error in giving the above instructions the judgment of the circuit court of Williamson county is reversed and the cause remanded to that court.

*Reversed and remanded.*