(No. 36201.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEON ROBINSON, Plaintiff in Error.

*Opinion filed September 22, 1961.*

ROBERT N. GRANT, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER, and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The defendant, Leon Robinson, was indicted for burglary and receiving stolen goods. The criminal court of Cook County found him guilty under the burglary counts and sentenced him to imprisonment for not less than five nor more than ten years. He prosecutes this writ of error, maintaining *inter alia* that the evidence did not support the verdict.

The home of the complaining witness, Louise Brown, was burglarized and some meat products, a television set and household appliances were taken. The defendant and a friend had been in her apartment the day before the burglary. She told them that her husband was in jail and they promised to meet her in court the next day, but they failed to do so. Upon her return from court she found that her apartment had been burglarized. When defendant was accused by Mrs. Brown, he denied the charge and went with her to the police station. He said he knew where the stolen articles were and took her and the police to the apartment of Joan and Jack Washington where the meat products were found. The other articles were in the apartment of one Shelva Washington in the same building.

The State's case is purely circumstantial. As to the actual breaking and entering there is no evidence nor was the defendant placed at or near the scene. Mrs. Brown's testimony merely established that he had been in her home the previous day, that he knew she would be away and that he failed to meet her at court as he had promised.

The defendant took the stand and explained his movements the day of the burglary and the manner in which he acquired knowledge of the whereabouts of the stolen articles. He testified that he went to the apartment of Jack and Joan Washington, who were both home with their children. Jack went to the store shortly thereafter. While he was gone two men, casual acquaintances of defendant, brought a television set and other articles into the apartment and asked Joan if they could leave them there. She said they would have to wait until her husband returned. Joan then left for a store in the building. The two men stayed about ten minutes and when leaving told defendant they would pick up the "things" that evening. He stayed with the Washington children about an hour and then left the building.

The State contends that defendant's knowledge of Mrs. Brown's absence from home coupled with his knowledge of the location of the stolen articles is sufficient to sustain the conviction. The knowledge of Mrs. Brown's absence was not exclusive since at least one other person (the friend who accompanied defendant to the Brown apartment) knew of her intention to be in court the day of the burglary. While defendant's knowledge was a circumstances to be considered, it is not a strong link in the chain of circumstances to overcome the presumption of his innocence.

It is argued that defendant had constructive possession of the stolen items, and the State seeks to invoke the rule pertaining to possession of recently stolen property. "It is a well-settled rule that the recent, exclusive and unexplained possession of stolen property by an accused person in and of itself gives rise to an inference of guilt which may be suffi-

cient to sustain a conviction in the absence of other facts and circumstances which leave in the mind of the jury, or the trial court if a jury is waived, a reasonable doubt as to his guilt." *People* v. *Pride,* 16 Ill.2d 82, 89; see also *People* v. *Bennett,* 3 Ill.2d 357; *Williams* v. *People,* 196 Ill. 173.

The rule cannot be applied here. On this record there is no proof of exclusive possession by the defendant, nor in fact any joint possession by him and others. It was not established that he had possession or control of the premises or the articles found there. In addition there was an explanation of his presence in the apartment and a reason for his knowledge of the location of the articles.

While there are several suspicious circumstances tending to implicate the defendant, we are of the opinion that the evidence is not sufficient to establish his guilt beyond a reasonable doubt. The judgment of the criminal court of Cook County is therefore reversed.

*Judgment reversed.*