(No. 36885.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LAWRENCE REYNOLDS, Plaintiff in Error.

*Opinion filed March 22, 1963.—Rehearing denied May 29, 1963.*

GERALD H. PUGH and GERARD C. HELDRICH, JR., of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendants, Lawrence Reynolds and Roger Labatt, were indicted for burglary and for larceny of a motor vehicle. Labatt entered a plea of guilty and was sentenced. Defendant Reynolds was tried by a jury in the criminal court of Cook County, was found guilty, and after a hearing in aggravation and mitigation was sentenced to the penitentiary for a term of not less than 8 nor more than 12 years on each charge, the sentences to run concurrently. On this writ of error, said defendant contends that he was not proved guilty beyond a reasonable doubt, that the court erred in refusing to give an instruction on intoxication, and that he was prejudiced by the prosecution's inquiries into his prior criminal record.

A gasoline service station at 63rd St. and Stewart Avenue in Chicago was burglarized between 11:00 P.M. on November 1, 1959, and 1:00 A.M. the following morning. Entry was gained by breaking the glass in a rear door of the station. A number of tires, batteries and spark plugs, and an automobile which had been parked in one of the service bays, were missing. At 2:20 that morning an automobile driven by Labatt in which defendant was riding was stopped for running a red traffic light on South Michigan Avenue. The automobile was subsequently identified as the one stolen from the service station. It was filled with tires, batteries, spark plugs and other merchandise. Defendant was sitting on top of some of the batteries. The

merchandise was identified as that taken from the service station. Also, a bag of coins was found on defendant's person. A police officer testified that at the preliminary hearing defendant said he was "guilty of the larceny of the automobile but not the burglary." On cross-examination he admitted he had made that statement.

Defendant testified that he entered a tavern at 56th St. and Wentworth Avenue at 10:30 or 11:00 P.M., which was just before the service station closed. At 1:00 A.M. Labatt entered the tavern and asked defendant to wait for him. Labatt returned in a few minutes and asked defendant to go with him. They left in the automobile in which they were subsequently apprehended. Defendant denied both the burglary and the larceny and explained that he had been drinking during the evening and merely accompanied Labatt at his request. He explained that the bag of change found in his possession was the product of a dice game earlier in the evening. However, he did not recall where it took place or the names of the participants. Labatt's testimony supported that of the defendant, although no other witnesses testified as to defendant's whereabouts during the evening. Labatt also testified that defendant did not know that the automobile and the merchandise in it were stolen.

The evidence was sufficient to prove the defendant guilty of the larceny of the automobile. His own admission at the preliminary hearing established that he and Labatt were apprehended in the possession of a stolen vehicle. The burglary, however, must be established by circumstantial evidence. A service station was entered by the breaking of a glass in a rear door and merchandise was missing from the premises. That merchandise was found in the stolen car in which defendant was a passenger.

Evidence of recent, exclusive and unexplained possession of stolen property by an accused, either singly or jointly with others, may, of itself, raise an inference of

guilt absent other facts and circumstances which leave in the mind of the jury a reasonable doubt as to guilt. (*People* v. *Pride*, 16 Ill.2d 82; *People* v. *Strutynski*, 367 Ill. 551.) Although defendant was not driving the automobile in which the stolen property was found, he was in the joint possession of it with Labatt. The situation here differs from that in *People* v. *Evans*, 24 Ill.2d 11, where the stolen property was in the trunk of the car and the defendant passenger had no key with which to open it. Here, the stolen property filled the whole interior of the automobile and defendant was actually sitting on some of the batteries. We conclude that the evidence establishes such unexplained possession of stolen property as would justify the jury's verdict of guilty.

Defendant next contends that he was prejudiced by the prosecutor's cross-examination of Labatt. Labatt said he had known defendant while they both were in the Bridewell. This statement was volunteered and was not responsive to the question asked. Also, defendant subsequently took the stand in his own behalf and testified that he had previously been convicted of burglary.

Defendant's final contention is that the trial court erred in refusing to give an instruction relating to the effect of intoxication in the case of a crime requiring specific intent. In order to afford a valid defense, the intoxication must be so great that the defendant was unable to form the intent essential to the crime charged. Unlike the case of *People* v. *Freedman*, 4 Ill.2d 414, where three disinterested witnesses testified to the defendant's extreme state of intoxication, there is no evidence here that would establish such a degree of intoxication as would negative the ability to form the requisite specific intent.

For the foregoing reasons the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*