(No. 40088.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JESSE JAMES PUGH, Appellant.

*Opinion filed January 19, 1967.*

WARD, J., took no part.

SAM ADAM, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES B. ZAGEL, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Jesse James Pugh was found guilty of unlawful possession of a narcotic drug during a bench trial in the circuit

court of Cook County. He was sentenced to the penitentiary for a term of six to ten years. He appeals directly to this court on the ground that he was denied his constitutional right to compel attendance of witnesses in his behalf.

On October 28, 1964, officers King, Kelly, Fails, Jamison and Pates executed a search warrant for the premises at 952 East 85th Street in Chicago. The complaint, pursuant to which the warrant was issued, was signed by William K. Hill. It charged that on October 27, 1964, he purchased a package of heroin from Patricia Plunkett in an apartment on the first floor of the building at 952 East 85th Street, and that he saw more heroin and cocaine in her possession.

The officers arrived at the building at 6 o'clock A.M. and noticed the names "Davis-Plunkett" on the door bell. They rang the bell and announced they were the police. They heard someone in the apartment, but the door was not opened. They broke the door with a sledge hammer and entered. Patricia Plunkett was not in the apartment, but they found defendant clothed only in shorts and a tee shirt under blankets in a bed. Pates searched the room where defendant had been sleeping and found that the molding in the room had been hinged. In a compartment behind the molding the officers found a .38 caliber snubnose revolver, some money and several packages of narcotics.

Defendant testified that he had been in the apartment about 6 hours before he was arrested. He said he did not live there and denied he had any knowledge of the presence of narcotics in the apartment. He said he knew Patricia Plunkett and knew she sometimes used the name Patricia Davis. He said the $700 found behind the molding was his and that he had loaned her the money, but he did not know where she kept it. He stated that Patricia Davis lived in the apartment.

We have, of course, held that "where narcotics are found on the premises under the control of defendant, this

fact, in and of itself, gives rise to an inference of knowledge and possession by him which may be sufficient to sustain a conviction for unlawful possession of narcotics, absent other facts and circumstances which might leave in the mind of the jury, or of the court where a jury is waived, a reasonable doubt as to his guilt." (*People v. Nettles,* 23 Ill.2d 306, 308-309; *People v. Holt,* 28 Ill.2d 30; *People v. Galloway,* 28 Ill.2d 355.) Here there is a reasonable doubt that the premises where the narcotics were found were under defendant's control.

There is no evidence that defendant rented the apartment. While the officers said defendant told them he had lived there for two months, that fact did not appear in the police report. Defendant's testimony that he lived in the house of his parents is somewhat corroborated by the lack of evidence that his personal effects were in the apartment and the unsatisfactory showing as to whether he had any clothes there other than those he donned when he left with the officers. (*Cf. People v. Galloway,* 28 Ill.2d 355.) Defendant claimed $700 found in the apartment but said he had loaned this to Patricia Plunkett. In contrast to the People's theory of who controlled the apartment, Hill's complaint alleged it was Patricia Plunkett's apartment. Defendant's testimony that Patricia Plunkett used the name Davis was not contradicted. In fact, one of the officers testified that she was also known as Patricia Davis. The only evidence that in any way connected the defendant Pugh with the name of Davis was from one of the officers who pointed to defendant in the courtroom when asked who Davis was. The People contend that Patricia Plunkett is defendant's common-law wife, but there is no competent evidence to support this contention. The police testified that defendant made statements during the search which indicate he knew the narcotics were in the apartment. This was denied by defendant at the trial.

It would seem the People could have produced some evi-

438

dence that the defendant paid the rent or that he was in the apartment frequently if such were the case. We think that the evidence, viewed as a whole, fails to support the conclusion, beyond a reasonable doubt, that the apartment was under defendant's control. It cannot be inferred, therefore, that the narcotics found there were in his constructive possession.

The judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.