People of the State of Illinois, Plaintiff-Appellee, v. Marjorie Christeson, Jack Canady and Robert Stanton, Defendants, Marjorie Christeson and Jack Canady, Defendants-Appellants.

Gen. No. 11,130.

Fourth District.

April 28, 1970.

Edgar R. Kelly, of East Alton, for appellants.

Thomas P. Carmody, State's Attorney of Macoupin County, of Carlinville, and Joseph P. Koval, Assistant State's Attorney, for appellee.

SMITH, P. J.

The defendants, Marjorie Christeson and Jack Canady, appeal from convictions of burglary and theft and sentences of one to eight years for Christeson and two to ten years for Canady. Errors assigned are (1) failure of the State to prove entry into the building burglarized, (2) the indictment was defective for a failure to allege ownership of the property, and (3) the trial court denied a motion to suppress evidence obtained as a result of an illegal search. The errors assigned are without substance and are purely illusory.

The Landreth Lumber Company in Bunker Hill, Macoupin County, Illinois, was burglarized and some fifty-nine items of power tools and office machines were taken. On the following day, police officers in Madison County searched the property at #6 Forest Drive, Godfrey, Illinois, under the authority of a search warrant issued for the seizure of a television set taken in a theft from the Alton Home Improvement Company. They found the set in the dining room, confirmed its identification and seized it. The officers observed numerous power tools on the floor of the bedroom at the end of the hall. The bedroom door was open and the power tools were plainly visible from the area where the officers were standing. They confirmed the report from the Macoupin

County sheriff's office that similar property had been stolen and ordered the tools seized. They were subsequently identified on the trial as the property of Landreth Lumber Company. The defendants were arrested at the time of the seizure of these items.

■ ■ The defendants contend that the officers were unlawfully on the premises when they seized the property involved in this case for the reason that the affidavit authorizing the issuance of the warrant for the recovery of the television set did not state that the informant of the affiant had obtained his information from personal knowledge and not from hearsay. For that reason they assert that the search warrant was within the perimeter of United States v. Davis, 402 F2d 171, and defendants' motion to suppress the evidence in this case should have been allowed. The affidavit in this case is not subject to the infirmities mentioned in Davis. The affidavit stated that a police officer had stopped one Weinrich after receiving a report from one Larry Parks that he had seen Weinrich unloading large crates at #6 Forest Drive, and that the officer found an identification card in the car of Weinrich, together with the confirmation card of the establishment from which the television set was taken. It is clear that there were adequate grounds for the issuance of the search warrant and that the officers were thus properly upon the premises when they seized the tools and office equipment involved in this case. Their seizure comes squarely within what has been called the "plain view" or "wandering eye" doctrine. People v. Barbee, 35 Ill2d 407, 220 NE2d 401; Harris v. United States, 390 US 234, 19 L Ed2d 1067, 88 S Ct 992; People v. Vaglica, 99 Ill App2d 194, 240 NE2d 271. The trial court properly denied the motion to suppress. It is a contradiction within itself to say that it is necessary to search for that which is within plain sight. As was stated in Harris v. United States, 19 L Ed2d 1067, 1069, "It has long been settled

that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." The trial court properly denied the motion to suppress.

■ Defendants also complain that the indictment in the case charges that the owner of the stolen property was Herman Landreth doing business as Landreth Lumber Company whereas the testimony showed that he was in partnership with his nephew, Charles Landreth. Defendants cite no authority for their position and indeed the authorities appear to be otherwise. In People v. Dell, 77 Ill App2d 318, 222 NE2d 357, the indictment charged the stealing of 129 pair of pants owned by an individual. At the trial it was testified that he was just a partner with another. The partner also testified that they were partnership property. It was there held that the specific ownership of the stolen property is not necessary if it is shown the individual in whom ownership is alleged had some possessory interest in the property at the time of the offense. Indeed the Criminal Code defines an owner as a person, other than the offender, who has possession or any other interest in the property involved. In People v. Foster, 30 Ill2d 106, 195 NE2d 700, the indictment charged the defendant with breaking and entering one Nickerson's house and the proof showed that Nickerson was merely a tenant. The proof in that case also showed that some of the stolen property was owned by another person. The court denied the defendant's contention of a variance between the indictment and the proof and held that it is not necessary to allege or prove the legal ownership of the property but that a possessory interest is sufficient.

■ ■ The State's case is based upon the proposition that the exclusive and unexplained possession of recently stolen property by an accused person gives rise to an inference of guilt which may be sufficient to sustain a conviction unless there are other facts and cir-

195

cumstances which leave in the mind of the jury a reasonable doubt as to guilt. This is a correct statement of the law. People v. Pride, 16 Ill2d 82, 156 NE2d 551; People v. Barnes, 26 Ill2d 563, 188 NE2d 7; People v. Reynolds, 27 Ill2d 523, 190 NE2d 301. The requirement of exclusive possession is satisfied by joint or shared possession. People v. Voleta, 57 Ill App2d 279, 206 NE2d 737; People v. Moore, 76 Ill App2d 326, 222 NE2d 95; People v. Reynolds, 27 Ill2d 523, 190 NE2d 301; People v. Strutynski, 367 Ill 551, 12 NE2d 628. Christeson did not testify on the trial. Canady did and testified that he had an apartment elsewhere. Three witnesses testified that Canady resided with Christeson at #6 Forest Drive. When the officers arrived at Christeson's residence to conduct a search, Christeson was at home and admitted the officers. While the search was going on, Canady drove up in Christeson's 1966 Lincoln Continental, entered the house without knocking and demanded to know what was going on. Subsequently Canady entered the bedroom with Christeson when she changed her clothes prior to leaving the premises with the arresting officers. From this record, the jury could reasonably conclude that Canady's interest in the premises and in the defendant Christeson was more than casual, that they did live together at #6 Forest Drive, and that the exclusive possession of recently stolen property without explanation in both defendants was clearly established.

The verdict of the jury and the judgment entered thereon were in accordance with the law and the evidence and the judgment is accordingly affirmed.

Affirmed.

TRAPP and MILLS, JJ., concur.