THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDORA MOSLEY, Defendant-Appellant.

(No. 70-12;

Third District—January 20, 1971.

Theodore A. Gottfried, of Defender Project, of Ottawa, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Andora Mosley was charged with the crime of unlawful possession of narcotic drugs and after trial by jury was found guilty and sentenced to a term of not less than two nor more than ten years in the penitentiary.

During the trial of the defendant evidence was adduced which disclosed that two bags of freshly picked marijuana were discovered by police officers in the trunk of an automobile occupied by the defendant and John Davis, its driver and owner. The officers had earlier received a radio dispatch that two men were picking marijuana on a state line road which was in fact a dead end county road. Responding to this report the officers drove along the road until they found an unoccupied 1958 Chevrolet automobile.

While a license plate check was being made in regard to the car, the officers conducted a search of the area but failed to find anyone picking marijuana. The license plate check did determine that the plates belonged to John Davis for a later model automobile. The officers then left the immediate area of the car and concealed themselves behind a curve in the road where they waited for approximately two hours when the car which they had previously had under surveillance came around the curve and was flagged down by the officers. The driver of the automobile, John Davis, and his passenger, the defendant Mosley, were informed that the license plates being used on the vehicle had not been transferred properly. The officers then ordered the men out of the car and asked them to open its trunk. Upon being opened by the driver, John Davis, it was then that the two bags of marijuana were discovered. There was further evidence that the defendant Mosley asked one of the officers if he would accept some money and just let them go on their way.

Upon appeal the defendant presents a number of contentions for review but the pivotal issue is whether the defendant was proven guilty beyond a reasonable doubt when the evidence only shows that he was a passenger in someone else's car in which marijuana was found.

■■ To support a conviction of the crime of unlawful possession of narcotics the People must establish knowledge on the part of the defendant of the presence of narcotics and must also establish that the narcotics were in the immediate and exclusive control of the defendant. *People v. Nettles,* 23 Ill.2d 306, 178 N.E.2d 361.

■■ When narcotics are found on the premises rather than on the defendant himself, the People must prove that the defendant had control over the premises, which in turn gives rise to an inference of knowledge and possession. (*People v. Faulkner,* 83 Ill.App.2d 54, 226 N.E.2d 467.) The mere fact that one is on the premises does not create an inference of control over the premises. *People v. Pugh,* 36 Ill.2d 435, 223 N.E.2d 115.

There was no evidence presented in the trial of the defendant Mosley to support the proposition that he had actual control of the marijuana or over the automobile wherein it was found. In fact, control over the vehicle was in its driver and owner, John Davis, for it was Mr. Davis, not the defendant, who was driving the vehicle and who subsequently produced and used the key to open the trunk of the automobile. As far as actual control is concerned the evidence disclosed that the defendant was nothing more than a passenger.

■■ To find one guilty of the unlawful possession of narcotics the courts have stated that such possession must be in the immediate and exclusive control of the defendant. We are aware of the fact that the word "exclusive" does not rule out the fact that such possession may be joint. To hold otherwise would permit two or more persons to gain immunity from prosecution on a charge of unlawful possession of narcotics by proving joint possession of the drugs. Such a result would be contrary to reason and would defeat the purpose of the Uniform Narcotic Drug Act. (*People v. Embry,* 20 Ill.2d 331, 169 N.E.2d 767.) In examining the evidence we find nothing in the record to indicate that the defendant Mosley exercised any degree of control, joint or otherwise, over the marijuana found in the trunk of the automobile.

During the trial evidence was introduced by one of the arresting officers that prior to his arrest the defendant Mosley offered him a bribe. Such testimony presents the question as to whether or not an effort to bribe an officer or officers under such circumstances denotes constructive possession of marijuana by the defendant. The testimony of both officers concerning the circumstances surrounding the bribery attempt is contradictory in many respects. No information about the bribe attempt was ever written in any police report nor was it reported to the Sheriff or States Attorney, nor was any mention of such an incident made by the officers during a preliminary hearing in the case on a motion to suppress evidence. The failure of arresting officers to make a written report of prejudicial

statements or actions of the defendant was an important favor in a similar case, *People v. Pugh, supra,* where a conviction for unlawful possession of narcotics was reversed.

■■ The People would have us adopt the doctrine that suspicious behavior in the vicinity of narcotics is proof not only of knowledge of their presence, but of all other elements of criminal possession as well. This we cannot do, however reluctant we may be to disturb the determination of the trier of facts in narcotics cases. The Supreme Court of our State refused to adopt such a doctrine in a case where the actions of the defendant were far more prejudicial than those attributed to the defendant Mosley. (See *People v. Jackson,* 23 Ill.2d 360, 178 N.E.2d 320.) The fact of possession must be shown beyond a reasonable doubt. *People v. Nelson,* 18 Ill.2d 298, 164 N.E.2d 21.

■■ The defendant did not have the burden to prove that the automobile or the narcotics were not his or in his possession, for the burden of proving such possession by the defendant rested upon the State. (*People v. Boyd,* 17 Ill.2d 321, 161 N.E.2d 311.) We can only conclude that the defendant's guilt was predicated upon conjecture, speculation and surmise and therefore it cannot be sustained. We agree with the defendant's contention that the evidence did not constitute proof of guilt beyond a reasonable doubt and was insufficient upon which to base a conviction for possession of narcotics.

Because of our view concerning deficiencies in proof it is not necessary to discuss other contentions raised on this appeal.

The judgment of the Circuit Court of Kankakee County is reversed.

Judgment reversed.

ALLOY, P. J., and STOUDER, J., concur.