THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARJORIE CHRISTESON *et al.*, Defendants-Appellants.

(No. 12028; ▮▮▮▮▮▮▮)

Fourth District—February 22, 1973.

Campbell D. McHugh, of Mt. Olive, for appellants.

No appearance for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

The trial court dismissed, without evidentiary hearing, a petition for

Post-Conviction relief filed by defendants-appellants Marjorie Christeson and Jack Canady who appeal from the order.

Counsel appointed to prosecute the appeal moved to withdraw as defendants' counsel and accompanied the motion with a brief in conformity with *Anders v. State of California,* 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396. The record shows proof of service of the motion and brief upon the defendants. The motion was continued to afford opportunity to the defendants to file additional suggestions. None were filed. In discharge of our responsibilities we have examined the Record on Appeal.

■■ The defendants were convicted of burglary and theft. A direct appeal ensued, and the convictions were affirmed. (*People v. Christeson,* 122 Ill.App.2d 192, 258 N.E.2d 142.) Among other issues raised on the direct appeal was the sufficiency of the evidence to sustain the convictions. The Post-Conviction petition contains only two points which defendants maintain entitle them to relief. The first point, is that the State failed to establish defendants' guilt beyond a reasonable doubt. This issue was presented to and decided by this Court in the direct appeal. That decision is not only *res judicata,* but it is also clear that a proceeding under the Post-Conviction Act is not for the redetermination of guilt or innocence, and contentions as to the sufficiency of the evidence are not of constitutional magnitude. *People v. Vail,* 46 Ill.2d 589, 264 N.E.2d 201.

■■ The other point set forth in the petition relates that "new evidence has come into the possession of the defendants, namely a confession in the form of an affidavit exonerating both defendants of having participated in any burglary or having possession of any stolen property, copy of said affidavit having been attached to this Petition and made a part hereof." The record filed in this Court did not contain the affidavit referred to in the Petition. On our own motion we directed that the record be supplemented to supply the affidavit. In response to that order, the counsel for the defendants on this appeal filed an affidavit which sets forth that he had made a search of the original records in this case in the Circuit Court of Macoupin County and that no affidavit was found in connection with the petition. That he had discussed the matter with the trial judge and that his records indicated that the affidavit referred to in the petition was never produced as an exhibit in the trial court. That counsel had requested of the defendants a copy of the affidavit but never received such a copy or affidavit.

The defendants' petition for Post-Conviction relief raises no constitutional question and the judgment of the trial court is therefore affirmed.

Judgment affirmed.

SMITH, P. J., and CRAVEN, J., concur.