THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WALTER KLAUSING, Defendant-Appellant.

Third District    No. 74-378

Opinion filed August 31, 1976.

STOUDER, J., dissenting.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

C. Brett Bode, State's Attorney, of Pekin (James Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Following a jury trial defendant was found guilty of burglary and sentenced to a term of imprisonment for not less than 2½ years nor more than 8 years. On appeal, defendant contends that his guilt was not proven beyond a reasonable doubt and that the trial court erred in denying a motion to quash a search warrant and suppress evidence.

Evidence on behalf of the People showed that Mr. Edwards and his wife had been vacationing in Florida during the latter part of December 1973 and, returning to their home in Washington, Illinois, on January 5, 1974, discovered that the house was in disarray and several items of personal property were missing. Marla Dexheimer had been babysitting across from the Edwards' residence on January 3, 1974, and saw an old black automobile park on the street and two people emerge. Sometime later the car drove off.

Officer Marshall, assigned to investigate the burglary, observed bootprints at an apparent point of entry. The officer testified that these prints were similar to bootprints found at the other recent burglaries and seemed to match prints on the boots of a codefendant, Randall Huddleston.

On January 12, 1974, Officer Marshall went to an intersection in Washington with regards to a stalled car and there was a 1965 black Oldsmobile with defendant as the driver and Debra Huddleston as a passenger. Defendant told the officer that the address on his driver's license was incorrect and that he was staying with the Huddlestons at 2161 Washington Road, Washington, Illinois.

Officer Marshall then conducted intermittent surveillance of the

residence at 2161 Washington Road between January 12, 1974, and January 16, 1974. During cross-examination, this officer stated that he had formed an opinion based on his surveillance that defendant resided at this address and occupied the southeast bedroom.

During the early morning hours of January 16, 1974, Officer Marshall seized trash bags which had been placed at curbside in front of this residence and, upon inspecting the contents of the bags, found a prescription label made out to Mr. Edwards. A search warrant was obtained and, when executed that same day, defendant answered the door and admitted the police. In the southeast bedroom were found numerous papers addressed to defendant, an envelope addressed to defendant at 2161 Washington Road and men's clothing. Property taken during the Edwards' burglary was found in other rooms of the house.

Defendant, as the sole witness for the defense, testified that he lived with his mother in East Peoria and was an occasional visitor at the Huddleston house, staying there on weekends. Defendant explained that he had given the Huddleston address as his when the car was stalled because the car belonged to the Huddlestons and that was where the repair bill was to be sent.

Defendant now contends that the evidence fails to establish that he was in possession of recently stolen goods, and also contends that since proof of guilt was circumstantial, his testimony offered a reasonable hypothesis of innocence, entitling him to acquittal.

■■ Evidence of recent, exclusive and unexplained possession of stolen property by an accused, either singly or jointly with others, may, of itself, raise an inference of guilt and support a conviction for burglary. *(People v. Reynolds* (1963), 27 Ill. 2d 523, 190 N.E.2d 301.) Possession is a question of fact for the jury's determination, and that determination will not be disturbed unless there are facts and circumstances which justify a reasonable doubt of defendant's guilt. *People v. Harris* (1972), 53 Ill. 2d 83, 288 N.E.2d 873.

In the instant case defendant was using the Huddleston automobile and told Officer Marshall that his correct address was 2161 Washington Road. See *People v. Inman* (5th Dist. 1976), 38 Ill. App. 3d 752, 348 N.E.2d 510, where admissions by the defendant to the police that he lived at an apartment where heroin was subsequently found were held to support defendant's conviction for possession of heroin.

The fact that numerous correspondence addressed to defendant and men's clothing were found in the southeast bedroom during the course of the search corroborated Officer Marshall's testimony regarding his observations while conducting surveillance of the residence and contradicted defendant's version that he was an occasional visitor who stayed with the Huddlestons on weekends. Defendant's testimony is

further contradicted by the fact that when the search warrant was executed on Wednesday, defendant answered the door and admitted the police.

■■ From the evidence in this case and reasonable inferences to be drawn therefrom, the jury could reasonably find that defendant lived at 2161 Washington Road with the Huddlestons and was in joint possession of recently stolen property. See *People v. Christeson* (4th Dist. 1970), 122 Ill. App. 2d 192, 258 N.E.2d 142.

■■ The general rule concerning possession is well stated in *People v. Galloway* (1963), 28 Ill. 2d 355, 358, 192 N.E.2d 370, 372, *cert. denied,* 376 U.S. 910, 11 L. Ed. 2d 608, 84 S.Ct. 665:

> "[W]hether there is possession and whether there is knowledge are both questions of fact to be determined by the jury, or by the court where a jury is waived, and, as in the case of other factual determinations committed to a jury in criminal proceedings, its findings will not be disturbed on review unless the evidence is so palpably contrary to the verdict or so unreasonable, improbable or unsatisfactory as to create a reasonable doubt of guilt."

The evidence in this case was sufficient to show defendant's possession of recently stolen goods and support an inference of guilt for burglary. Defendant's uncorroborated and contradicted testimony is not of such a nature as to raise a reasonable doubt and warrant a reversal of the jury's determination.

Defendant also challenges the warrantless search of the trash bags placed at curbside in front of the residence for pickup. This precise issue was decided adversely to his codefendant in *People v. Huddleston* (3d Dist. 1976), 38 Ill. App. 3d 277, 347 N.E.2d 76, wherein it was held that, under these circumstances, the trash had been abandoned, and there was no longer the reasonable expectation of privacy necessary to challenge the legality of the search. See also *United States v. Alewelt* (7th Cir. 1976), 532 F.2d 1165.

Accordingly, the judgment of conviction of the Circuit Court of Tazewell County is affirmed.

Affirmed.

BARRY, J., concurs.

Mr. JUSTICE STOUDER, dissenting:

I respectfully dissent from the conclusion reached by the majority of the court. I believe the application of the appropriate principles of law requires the conclusion the verdict is not supported by sufficient evidence. I would reverse.

The majority opinion sufficiently sets forth the facts and supporting testimony. From the statement of facts it is undisputed the stolen property was not found in the actual control and custody of the defendant. It is also undisputed the defendant was not the sole occupant of the house and in fact, as disclosed by the search warrant, other persons, *i.e.*, the Huddlestons, were in possession of the house. Finally, the only serious factual dispute involves the defendant's relationship to the premises and the legal effect of such relationship viewed in its aspect most favorably supporting the verdict of the jury.

Initially I believe it appropriate to note no claim was made that the defendant was in actual possession and control of any stolen property. Thus the rules and consequences relating to actual possession of stolen property are not applicable as discussed in *People v. Reynolds*, 27 Ill. 2d 523, 190 N.E.2d 301, and *People v. Harris*, 53 Ill. 2d 83, 288 N.E.2d 873. Nor is this a case where possession of anything, let alone contraband, is the offense charged, as in *People v. Inman* (5th Dist. 1976), 38 Ill. 2d 752, 348 N.E.2d 510, and *People v. Galloway*, 28 Ill. 2d 355, 192 N.E.2d 370, *cert. denied*, 376 U.S. 910, 11 L. Ed. 2d 608, 84 S. Ct. 665. The remaining case cited in the majority opinion, *People v. Christeson*, 122 Ill. App. 2d 192, 258 N.E.2d 142, is inapplicable because there is no question but that defendant in *Christeson* was a general resident of the premises in which the stolen property was located. In addition, in the *Christeson* case there was no discussion of the ultimate conclusion of guilt and the constructive possession upon which such conclusion was based.

The general rule is the recent unexplained possession of stolen property is prima facie evidence of guilt. (*People v. Pride*, 16 Ill. 2d 82, 156 N.E.2d 551; *Comfort v. People*, 54 Ill. 404; *People v. Henkel*, 60 Ill. App. 2d 331, 208 N.E.2d 107.) The inference that the possessor of recently stolen property is the thief is one which the jury may be permitted to draw, based on human experience and common sense, from known events or circumstances. (*People v. Fiorito*, 413 Ill. 123, 108 N.E.2d 455.) The inference is sufficient to sustain a conviction of burglary unless other circumstances create a reasonable doubt as to guilt. (*People v. Woods*, 26 Ill. 2d 557, 188 N.E.2d 1.) This inference in no way lessens the burden placed upon the State in a criminal prosecution to prove beyond a reasonable doubt the commission of the crime charged and the perpetration of the crime by the person accused. *People v. Buchholz*, 363 Ill. 270, 2 N.E.2d 80.

Before the inference may arise, the possession must be recent, unexplained, personal and exclusive (*People v. Urban*, 381 Ill. 64, 44 N.E.2d 885; *People v. Blades*, 329 Ill. 182, 160 N.E. 190), and "* * * with a distinct implied or express assertion of ownership. A mere constructive possession is not enough." (*People v. Mulvaney*, 286 Ill. 114, 119, 121 N.E.

229.) Evidence of joint possession will also justify the inference if the joint exercise shows concerted action involving the accused and others sharing the joint control of the stolen goods. *People v. Harris*, 53 Ill. 2d 83, 288 N.E.2d 873; *People v. Henkel*, 60 Ill. App. 2d 331, 208 N.E.2d 107.

In *People v. Barnes*, 311 Ill. 559, 562-63, 143 N.E. 445, the court reversed a conviction for larceny of an automobile in which the accused was discovered to be a passenger within four hours of its theft. The court stated as follows:

"Mere association with a stolen article is not necessarily possession of it, and before any presumption can arise from possession it must be shown that the person accused is actually in possession. In order that an inference of guilt may be drawn from possession of goods recently stolen it must be shown that there is an actual personal possession on the part of the accused, either singly or jointly, with others acting in concert with him, and that that possession is exclusive in him or those acting in concert with him."

From the foregoing cases and the discussions therein regarding possession of stolen goods and the consequences of such possession, the rule requires the possession of such property by a defendant must be definitely and unambiguously established before the conclusion is warranted that the possessor stole such property. Whether the conclusion be couched in terms of inference, presumption, or prima facie case, if the initial possession upon which the conclusion depends is not clearly shown, then the reason for justifying the conclusion of guilt disappears and a conviction based thereon ought not to stand. Even though the conclusion finds support to some extent in common experience, it is equally clear that the consequences of applying the conclusion are serious.

Concededly in the instant case the stolen property was not found within the actual possession or control of the defendant. Even if the possession of some kind or character of premises where stolen property is located may be regarded as the equivalent of actual possession, for the purpose of applying the rules relating to possession of stolen property, there are two fatal weaknesses in the proof adduced to support the conviction in this case. The first relates to the nature of the evidence regarding defendant's possession of the premises and the second relates to the relationship between whatever possession the defendant had and the stolen property.

With respect to the first problem, as noted in the majority opinion the police officer expressed the opinion the defendant resided in the southeast bedroom on the premises. This opinion is based primarily on defendant's presence in the house on the day of the execution of the search warrant, some documents bearing defendant's name in the room, and the repair bill addressed to him at the Huddleston address. The majority opinion refers to " * * * numerous papers addressed to defendant * * *." An

examination of the record shows the only paper found addressed to defendant at the Huddleston address was the bill for the repair of the Huddleston car. No other papers addressed to defendant at the Huddleston address were found. Although the officer testified to an intermittent surveillance of the premises, there was no testimony based on such surveillance that the defendant was commonly on the premises or that he was seen entering or leaving the premises during such surveillance even though other persons were so seen. No objection was interposed to the testimony of this police officer, but at best the facts upon which it is based show a casual relationship to the premises. The evidence fails to show any particular relationship between the defendant and the premises from which his control or possession of the whole or any part of the premises is warranted.

Secondly, to the extent that any relationship between the defendant and the premises is shown, the nature of such possession is insufficient to warrant the conclusion the defendant was by virtue of possession of the premises in possession of the stolen goods. However defendant's possession of the bedroom be viewed, there is no link between such possession and the possession of the stolen goods either individually or jointly with the Huddlestons.

I believe the evidence was insufficient to establish defendant possessed recently stolen property, and no inference of guilt could be made on this basis. On this record, there is no proof of exclusive possession by the defendant, nor in fact any joint possession by him and others. It was not established he had possession or control of the premises or the articles found therein. *People v. Robinson*, 23 Ill. 2d 27, 177 N.E.2d 132; *cf. People v. Mosley*, 131 Ill. App. 2d 722, 265 N.E.2d 889; *People v. Pugh*, 36 Ill. 2d 435, 223 N.E.2d 115.