THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARIA ESPERO, a/k/a Maria Wooten, Defendant-Appellant.

First District (4th Division)    No. 77-1752

Opinion filed October 19, 1978.

James J. Doherty, Public Defender, of Chicago (James L. Rhodes, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Mary Ann Callum, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ROMITI delivered the opinion of the court:

Defendant, Maria Espero, appeals from a judgment of the circuit court revoking her probation and sentencing her to a term of 1 to 5 years. Defendant contends that the court's finding of a violation of probation was against the manifest weight of the evidence.

We affirm.

Defendant was charged by information with the offense of burglary. (Ill. Rev. Stat. 1977, ch. 38, par. 19—1.) On May 26, 1977, defendant pled guilty to this charge and was sentenced to 3 years' probation, and ordered to pay $300 restitution to the complainant. On June 24, 1977, the State filed a petition for violation of probation, alleging that defendant committed a burglary on June 2, 1977. A preliminary hearing was held on the burglary on June 30, 1977, and the finding of probable cause was entered.

Thereafter, a probation revocation hearing was conducted on the original burglary matter.

The following evidence was adduced at the defendant's probation revocation hearing: The complaining witness, George Whiting, testified that on June 2, 1977, he resided at 7827 South Shore in Chicago. Upon returning from work at approximately 1:30 a.m., the complainant found his apartment in a state of total disarray. Subsequent to this discovery, he inventoried his possessions and determined that a 20-gauge shotgun, a stereo, a CB radio set, a jar of pennies, and a movie projector were missing from the apartment. The complaining witness stated that these items were taken without his authority. However, he admitted that he did not know any of the serial numbers of the articles removed from his residence.

Investigator Cooper testified that at approximately 11:15 p.m. on June 2, 1977, he observed three people standing in the rear of a vacant lot, which was located at 77th Street and Exchange Avenue. Upon sighting these individuals, Officer Cooper estimated that he was approximately 150 feet away from their location. However, this area was illuminated by lights from a nearby courtyard. Cooper stated that in his initial observation of these people, he noticed that each individual was carrying something. One was holding a rifle and another was holding a stereo. However, Cooper could not ascertain what the defendant was holding. As Cooper proceeded toward this group, the one holding the stereo dropped it, and the other two dove underneath an automobile where they remained until they were pulled out by Cooper and his partner. One of the two people beneath the automobile was defendant. The two police officers found the shotgun registered to the complaining witness at the spot where they pulled defendant from beneath the car. Cooper testified that the shotgun was underneath defendant's body at this time. Cooper also retrieved a jar of pennies, a movie projector and a CB radio unit from beneath the same automobile. Cooper found the stereo approximately four feet away from this automobile where it had been dropped by the third individual.

Cooper then placed defendant under arrest for unlawful use of a weapon. Upon his arrival at the police station, Officer Cooper learned that the burglary in question had taken place earlier that same evening. Cooper then contacted the complainant and requested that he come to the police station. The complaining witness arrived at approximately 3 a.m., identified the property and showed a registration card for the shotgun. Defendant was then charged with burglary. Officer Cooper additionally testified that the arrest occurred approximately 3 or 4 houses east of defendant's home, which was located approximately one and one half blocks from the victim's apartment.

Defendant points out that there was never any direct evidence introduced by the State which linked her with the burglary, and she argues that the circumstantial evidence produced by the State is so tenuous that it requires reversal of the finding terminating her probation.

We note at the outset that a violation of the conditions of probation must be proven by a preponderance of the evidence. (*People v. Crowell* (1973), 53 Ill. 2d 447, 451, 292 N.E.2d 721.) If the State has introduced sufficient evidence to satisfy this standard, the finding of a violation of defendant's probation must be affirmed.

■■■ It is well established that requisite criminal intent must be proved before a conviction can be obtained. However, in a case involving burglary, intent may be established by circumstantial evidence. (*People v. Garrett* (1969), 115 Ill. App. 3d 333, 343, 253 N.E.2d 39.) Regarding this type of evidence, it has been held that recent, exclusive, and unexplained possession of the proceeds of a burglary give rise to an inference of guilt which may be sufficient to sustain a conviction for burglary unless there are other facts and circumstances which create a reasonable doubt of guilt. (*People v. Franceschini* (1960), 20 Ill. 3d 126, 130, 169 N.E.2d 244; *People v. Clifford* (1976), 38 Ill. App. 3d 915, 918, 349 N.E.2d 922.) Such possession may be either singly or jointly with others. (*People v. Klausing* (1976), 41 Ill. App. 3d 588, 590-91, 353 N.E.2d 441.) Consequently, joint possession with another is sufficient to constitute exclusive possession. (*People v. Garrett* (1969), 115 Ill. App. 3d 333, 343, 253 N.E.2d 39.) However, possession is a question of fact for the trier of fact's determination and that determination will not be disturbed unless there are facts and circumstances which indicate otherwise. See *People v. Harris* (1972), 53 Ill. 2d 83, 87, 288 N.E.2d 873.

The evidence sufficiently established that defendant when first observed by the arresting police officer was carrying one of the stolen items, although the officer could not see what it was at the time. The police officer estimated that he was approximately 150 feet away from defendant when he made this observation, but he also indicated that the area was illuminated by lights from a neighboring courtyard. The arresting officer further stated that he observed one of the individuals holding the complainant's shotgun and another was holding his stereo. As the police officer proceeded toward this group the three scattered. When defendant was arrested, she was underneath the car and was lying on the shotgun which was registered to complainant. She likewise was within a few feet of the CB unit, the movie projector, the jar of pennies and the stereo. In view of these facts, it is our opinion there was sufficient evidence to support a finding that defendant was in exclusive possession of the aforementioned items when arrested.

Defendant calls attention to the fact that the State did not establish the

exact time of the burglary, and she argues, therefore, that the State failed to establish that she was in recent possession of the stolen items. We disagree with this contention.

■ Complainant testified that on the date of this occurrence he left for work at 7 a.m. and returned the next morning at 1:30 a.m. Defendant was arrested at approximately 11:15 p.m. in possession of the stolen items. Although the State failed to establish the exact time of the burglary, it is evident from these facts that the burglary took place sometime between 7 a.m. and 11:15 p.m.—a period of approximately 16 hours. We find *People v. Matthews* (1950), 406 Ill. 35, 92 N.E.2d 147, to be persuasive. In *Matthews* defendant's conviction was upheld where possession was discovered 5 to 7 days after the offense was committed. In line with this precedent, we believe that, here, possession, which was discovered within, at most, 16 hours after the burglary, constituted recent possession. For the foregoing reasons, we cannot say that the finding of a violation of probation was against the manifest weight of the evidence. See *People v. Matthews* (1950), 406 Ill. 35, 92 N.E.2d 147.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

JOHNSON, P. J., and LINN, J., concur.