THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VIVIAN SANDERS, Defendant-Appellant.

Third District   No. 78-270

Opinion filed October 17, 1979.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an appeal by the defendant, Vivian Sanders, from her conviction, following a bench trial, for the offense of burglary. As a result of this conviction, the defendant was sentenced to probation for a period of five years.

Explaining the testimony addressed at the trial in great detail is unnecessary, for it suffices to note that the basis of defendant's conviction was her arguably unexplained possession of the proceeds of a recent burglary. It is also unnecessary to decide whether the defendant adequately explained her possession of the stolen television. Not only did an officer of the Joliet Police Department testify that he could recover no physical evidence from the scene of the crime, but the State's only occurrence witness testified that she observed three persons removing a television from her neighbor's house, and she described them as follows: one was a white man; one, with a "big chest," was a tall black woman; and the third was a shorter black person, about 5′2″ or 5′3″, dressed in a sweatshirt and jeans and having a short haircut. The witness could not determine the sex of this third person because the only view the witness had of this person was from the rear. However, the witness testified it was her belief this person was a boy. When asked, point-blank, whether the defendant appeared to be any one of the persons involved in the burglary, the occurrence witness said, "No." In an attempt to rehabilitate this witness on redirect examination, the prosecuting attorney got the witness to admit that the defendant's haircut was similar in appearance to that of the short person involved in the burglary, but even from the rear, the defendant, according to the witness, looked like a girl, not a boy. Another State witness testified that the defendant, accompanied by a white male and black female approached him at 8 a.m., about one hour after the burglary, and sold a television to the witness, which television was later proven to have been taken from the victim's residence.

At the close of the State's evidence, the defendant made a motion to dismiss which was denied. Thereafter, the defendant took the witness stand in an attempt to explain her possession of the stolen property and her sale of it. In addition, it was stipulated that if the defendant's sister were to testify she would state that the defendant was with her from 6:30 a.m. on the day before the burglary to 9 a.m. on the day of the burglary. A second motion to dismiss, made at the close of all the evidence, was also denied.

■■ ■ Evidence of a knowing, recent, exclusive, and unexplained possession of stolen property by an accused, either singly or jointly with others, may raise an inference of the accused's guilt of burglary and is sufficient, by itself, to support a conviction. (*People v. Harris* (1972), 53

Ill. 2d 83, 288 N.E.2d 873; *People v. Reynolds* (1963), 27 Ill. 2d 523, 190 N.E.2d 301.) While this inference is certainly permissible in cases where there is no occurrence witness, once an occurrence witness has testified, unequivocally, that the accused does not appear to be one of the burglars, the inference is clearly rebutted and is no longer available. The defendant's motion to dismiss made at the close of the State's evidence should have been granted, since the defendant was charged only with burglary. At best, the evidence of the State is insufficient to support a conviction of burglary even though it tended to indicate that the defendant may have knowingly received stolen property or committed some other offense independent of the burglary. See *People v. Zierlion* (1959), 16 Ill. 2d 217, 157 N.E.2d 72.

Accordingly, the judgment of the Circuit Court of Will County is reversed.

Reversed.

STENGEL and BARRY, JJ., concur.