THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL L. JUMP, Defendant-Appellant.

Third District    No. 77-4

Opinion filed January 9, 1978.

Robert Agostinelli and Michael J. Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellant.

Patrick J. Corcoran, State's Attorney, of Carthage (James E. Hinterlong, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

The defendant, Michael Jump, was indicted by the Hancock County grand jury for the offense of unlawful possession of more than 30 grams but not more than 500 grams of a substance containing cannabis. Following a jury trial, the defendant was convicted of the unlawful possession of 38.2 grams of cannabis. By reason of this verdict, the defendant was found not guilty of possession of a bag containing 382.6 grams of cannabis for which he was also being tried.

As a result of his conviction, the defendant was granted probation for two years, fined $300, assessed costs and sentenced to the county jail for a period of 120 days on a work release program.

The evidence presented at the trial indicated that the defendant was arrested, along with Craig Pfeiferling, while they were allegedly attempting to make a delivery of marijuana to a police agent. On this occasion, the defendant was a passenger in a car driven by Pfeiferling

which belonged to Pfeiferling's mother. Pfeiferling, as a State witness, testified that the defendant never used the car, had no right to use it, had nothing to do with the bags Pfeiferling placed in the car, had no control or power over any of the substances, had no profit coming from its sale, had no agreement with Pfeiferling as to the proceeds, and that all of the items in the car were owned by Pfeiferling or members of his family. Furthermore, during a hearing on a motion to suppress evidence because of an alleged illegal search, Pfeiferling testified that all of the substances of a controlled nature were deposited in the automobile by him and that none of the contents of the automobile were possessions of the defendant.

At the time of the arrest, two bags of cannabis were discovered in the car. The larger bag, containing 382.6 grams, was found on or near the front seat. However, the defendant was not convicted for the possession of this bag. The jury specifically found him guilty of possession of 38.2 grams, which was the weight of the other bag. The location of the smaller bag in the car was never established by the evidence. And the State left the jury with the impression that this bag too was discovered on or near the front seat, when in response to a question by the State's Attorney, Pfeiferling testified he did not remember seeing it until the day of trial but guessed it was in the front seat because the exhibit was so marked. This impression was fostered by the fact that all the items taken from the car were grouped together as one exhibit. Nevertheless, the State's Attorney was aware that the sheriff, under oath, testified before the grand jury that the smaller bag was taken from the trunk of the car.

■■■ A defendant cannot be convicted of possession of cannabis if he has not been shown to have exercised any control over the cannabis or the premises in which the cannabis is found. (*People v. Mosley* (3d Dist. 1971), 131 Ill. App. 2d 722, 265 N.E.2d 889.) Since the defendant here was merely shown to have been a passenger in Pfeiferling's vehicle and Pfeiferling testified the defendant had no control over the vehicle and had placed no substance in the car, the defendant was not proven guilty beyond a reasonable doubt.

The defendant also contends that the trial court erred by conducting the hearing on the voluntariness of the defendant's statement in the presence of the jury. It has been suggested that the better procedure is to conduct a separate hearing on the voluntariness of the statement once a timely objection was made. *People v. Taylor* (1965), 33 Ill. 2d 417, 211 N.E.2d 673.

Here, the defendant made a motion to suppress the statement prior to trial, but the trial court, apparently in the interest of judicial economy, decided to hear the evidence on suppression as it was presented to the jury. However, before the defendant could present any evidence on the voluntariness of the statement, the trial court ruled the statement was

admissible. If not improper, this procedure is certainly questionable. Yet, given the result reached above, we need not decide this issue.

For the reasons heretofore indicated, the judgment of the Circuit Court of Hancock County is reversed.

Reversed.

STOUDER, P. J., and ALLOY, J., concur.