## People of the State of Illinois, Appellee, v. William Jack Faulkner, Appellant.

### Gen. No. 51,092.

First District, Fourth Division.

April 28, 1967.

Julius Lucius Echeles, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

CRIME CHARGED IN THE INDICTMENT
Unlawful possession of narcotics.

JUDGMENT
After a jury verdict of guilty, the court sentenced defendant to a term of five to fifteen years.

POINTS RAISED ON APPEAL
(1) The evidence was insufficient to support the verdict.
(2) The court erroneously refused to give a defense-tendered instruction on circumstantial evidence.
(3) The court erroneously received into evidence, over objection by the defense, a search warrant which had no relevance to the issues at the trial.
(4) The sentence imposed exceeds the statutory limitation.

EVIDENCE
**Testimony of State Witnesses**
A police informer made an affidavit in which he related that he had purchased narcotics from defendant in a house at 2255 S. Kostner Avenue in Chicago. A search warrant was issued and several State of Illinois narcotics inspectors, two of whom testified at trial, raided the house at about 3:00 p. m. on June 11, 1963. Defendant and a workman who was found repairing the attic were detained in the kitchen while the entire house was searched. In a rear bedroom off the kitchen, Inspector Kahn found a pair of dungaree type trousers, one pocket

55

of which contained a small tinfoil packet which, when opened, was found to hold some white powder later proved to be a narcotic substance. The rear bedroom also contained ten men's suits and other men's clothing in a dresser on top of which were found an application for a dog license and other papers respecting defendant's dog, and a wallet containing money which admittedly belonged to defendant.

When confronted by the inspectors with the pants and tinfoil packet, defendant denied ownership of both. The officers then held the pants up to defendant and at the trial testified that they apparently fit. A belt was removed from the pants, put around defendant's waist and when tightened to his size, was in the notch most frequently used on the belt. No attempt was made to fit the belt or pants to the workman detained in the kitchen with defendant. A written report of the search and arrest mentioned neither the finding of narcotics in a pair of pants nor the fitting of the belt and pants to defendant. Defendant was never asked to try on the pants, and the pants and belt were not retained by the officers and not produced at trial. No further evidence against defendant was found during the search.

**Testimony of Defense Witnesses**

The defendant's divorced wife testified that she moved into the house at 2255 S. Kostner Avenue during the last part of April 1963, and owned the home with her grown son Jerome who was in the Armed Services at time of trial. Considerable repair work had been in progress for three weeks to a month prior to June 11, 1963, and carpenters, electricians, linoleum layers, men who cut plastic covers for the couches, and men who installed the washer and dryer had been in and about the premises. Six workmen came in on June 11. The rear bedroom (in which the narcotics were found) was used for storage of clothes, and although her former husband kept clothing there, so did her son, his friends

56

who helped with the construction, and the workmen who changed clothes and used the closet in the bedroom. She never saw her husband wearing dungarees, but her son had done so.

When she returned home at about 4:30 p. m. on June 11, her house looked as though a storm had been through it. In the course of picking things up, she found a pair of blue jeans or dungarees which fit neither her son nor her husband. These dungarees were offered into evidence at trial but were excluded on objection by the State.

OPINION

██ We agree with defendant's contention that the evidence did not constitute proof of guilt beyond a reasonable doubt and was insufficient upon which to base a conviction for possession of narcotics. In People v. Connie, 52 Ill App2d 221, 226–227, 201 NE2d 641, this court reversed a conviction for possession of narcotics, holding:

> The Supreme Court of Illinois has often pronounced that to support a conviction of the crime of unlawful possession of narcotics the People must establish knowledge on the part of defendant of the presence of narcotics and must also establish that the narcotics were in the immediate and exclusive control of defendant. (Citations.) . . .
>
> . . . The law, therefore, is that where narcotics are found on the premises under the control of defendant, this fact, in and of itself, gives rise to an inference of knowledge and possession by him, which may be sufficient to sustain a conviction for unlawful possession of narcotics *absent other facts and circumstances which might leave in the mind of [the trier of fact] a reasonable doubt as to his guilt.* People v. Nettles, 23 Ill2d 306, 309.

57

■ Discovery of the narcotics in clothing found in the home of defendant's divorced wife, under all the circumstances of this case, did not establish ownership and control by defendant to the degree necessary to raise an inference of guilty knowledge and possession on the part of defendant. People v. Nettles, 23 Ill2d 306, 178 NE2d 361. Further, the dungarees and belt which were allegedly "fitted to" defendant, thereby forming the basis for the conclusion that they were his, were never actually tried on the defendant and were not introduced by the prosecution at trial, at which time the fit of the pants could have been positively determined. Even were we to accept as fact the approximate fit of the pants to defendant, a fact denied by defendant and his wife, this does not, under these peculiar circumstances, prove beyond a reasonable doubt that the pants were defendant's and not those of his son, one of his son's friends, or one of the workmen who had access to the rear bedroom and used it for the purpose of changing clothes. It is also noteworthy that the written report of the search and arrest did not mention that the narcotics were found in a pair of pants which were fitted to defendant, or that a belt from the pants had been fitted around his waist.

■■ Defendant, of course, did not have the burden to prove that the pants or the narcotics were not his or in his possession. As stated in Connie, supra, at pages 228–229:

Mere presence of the defendant at the scene of the crime is insufficient to establish guilt. People v. Boyd, 17 Ill2d 321 . . . . *The burden remained on the People to show that no one other than defendant was responsible for the presence of the narcotics.* Furthermore, it is unnecessary for defendant to prove or allege that another is guilty. Since defendant's guilt was predicated on conjecture, speculation

and surmise it cannot be sustained. We believe that there are present here such facts and circumstances to leave a reasonable doubt as to his knowingly possessing and being in control of the narcotics. (Emphasis supplied.)

Because of our view concerning deficiencies in proof, it is not necessary to discuss the other contentions raised on this appeal.

DECISION

The judgment of the Circuit Court is reversed.

Reversed.

DRUCKER and McCORMICK, JJ., concur.