THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARSHA L. BINNS, Defendant-Appellant.

(No. 60737; )

First District (5th Division)—April 11, 1975.

James Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

After a bench trial, defendant was found guilty of unlawful possession of marijuana in violation of section 4 of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 704) and sentenced to 30 days in the House of Correction. She contends on appeal that she was not proven guilty of a knowing possession of the marijuana.

A police officer testified for the State that he and his partner went to defendant's third-floor apartment with a search warrant. This warrant was based upon information given the police officer by an informant, indicating that defendant was selling narcotics at that address. Upon their arrival, the police officers found the rear door of the apartment open and, after their knock went unacknowledged, they entered. The officer observed defendant lying on a studio couch, although she was not asleep at the time. There was also another person in the apartment. The police announced their offices, and defendant was given a copy of the warrant which she read and stated she understood. Their search of the apartment revealed three manila envelopes containing crushed green plants. These envelopes were found on a small table next to the couch on which defendant was lying. Six more manila envelopes containing

crushed green plants were found in plain view on a kitchen cabinet. Defendant and the other person in the apartment were then placed under arrest. Subsequent analysis of the contents of eight of the envelopes disclosed marijuana. The ninth was not tested.

Defendant testified in her own behalf that she was asleep on a couch in her apartment until she awoke to find the police officers there. They stated they had a search warrant, and she consented to a search of the apartment. Following the search, the officers told her they had recovered a package from her cabinet. The package was not shown to her, and she denied any knowledge of the presence of any marijuana in her apartment. She stated that she had just returned after an absence of several nights and, although it was her apartment, other persons had stayed with her "on and off." She also testified that there was no table next to her couch and that she had no tables anywhere in her apartment.

Terry Evans, 15 years of age, testified for the defense that he had placed the marijuana in question in defendant's apartment. Earlier he had taken something from the apartment, and defendant had informed his mother. He then put the marijuana in the apartment "to get back at her" for informing on him. It was in manila envelopes, which he placed in the kitchen cabinet in a shoe box and "three bags on the table." He then informed the police that marijuana could be found in the apartment.

In support of her contention that knowing possession of marijuana had not been established, she argues that it is contrary to human experience that she would have allowed the apartment door to remain open or that she would have taken such a casual attitude toward the presence of the police had she been aware of marijuana in the apartment. She also complains that the trial court failed to give proper regard to the testimony of Terry Evans.

■■ The State must prove that defendant had control over the premises where marijuana is found. (*People v. Faulkner*, 83 Ill.App.2d 54, 226 N.E.2d 467.) Where control is established, an inference of knowing possession is raised. (*People v. Minkin*, 133 Ill.App.2d 549, 273 N.E.2d 729; *People v. Ciconte*, 102 Ill.App.2d 1, 243 N.E.2d 407.) Here, there was testimony that the marijuana was found in an apartment leased and occupied by defendant. She is thus presumed to be in control of the premises and, because no evidence was offered to the contrary, the fact of her control was sufficient to give rise to an inference that she was in knowing possession of the marijuana. We are concerned, therefore, with the question of whether this inference was overcome by the evidence.

In this regard, we note defendant's arguments that (1) she was unaware of the marijuana; (2) she had just returned after a few days absence; (3) she was asleep when the police arrived; (4) it was incon-

gruous to believe she was aware of the marijuana, in view of the fact that the apartment door was open; (5) that her casual attitude when the police arrived was indicative of her lack of knowledge; and (6) that she had no table in her apartment on which the marijuana could have been found. She contends that these arguments are based on the evidence or reasonable deductions therefrom and are sufficient to overcome the inference that she had knowledge of the marijuana. These factors, she argues, when considered along with the testimony of Terry Evans, militate against the finding that knowing possession was proved beyond a reasonable doubt.

Terry Evans, although only 15 years of age, gave testimony that he placed the marijuana in defendant's apartment as an act of revenge and then informed the police of its presence in her apartment. The State, in its cross-examination of Evans, asked only five questions, none of which contradicted or weakened his testimony. These questions developed only that Evans put some of the marijuana in a shoe box in the kitchen cabinet and some "on the table" and that the marijuana was in manila envelopes. No questions were asked by the State of Evans as to when, how or where he obtained the marijuana nor was he asked when he placed the envelopes in defendant's apartment. Neither did the State produce any evidence to contradict the testimony of Evans that (1) he had informed the police of the presence of the marijuana in defendant's apartment—the police officer could have been recalled to negate that fact; (2) he had placed the marijuana in the apartment—cross-examination may have disclosed a significant time difference between the placing and the discovery by the police; and (3) he had a motive for doing so—there was testimony by defendant that she complained to the police about Evans's prior theft from her apartment, which was not negated.

The fact that defendant knowingly possessed marijuana must be proved beyond a reasonable doubt. (See *People v. Mosley,* 131 Ill.App.2d 722, 265 N.E.2d 889.) Here, the State proved that manila envelopes were in plain view in defendant's apartment, and from that it would appear that she had constructive knowledge of the presence of at least the three envelopes which allegedly were on a table next to her. However, there is nothing in the record to indicate that the envelopes were open or that their contents could otherwise be seen. Neither does the record disclose that defendant knew, should have known, or had any reason to believe they contained marijuana. They apparently were not her envelopes, and there was nothing to indicate that she knew envelopes of that type were used to transport illegal drugs, if in fact they were.

Furthermore, Evans testified that he had informed the police of the marijuana in defendant's apartment, and the police officer testified that an

unnamed informant gave him information concerning marijuana being sold in the apartment. This would appear to corroborate Evans's testimony, particularly in view of the fact that, as we noted above, there was no testimony by the police officer that Evans was not the person who initially gave that information.

■■ We have carefully read the testimony presented at trial, and we are mindful of the salutary principle that this court will not disturb the findings of the trier of fact unless the proof is so unsatisfactory as to justify a reasonable doubt of defendant's guilt. Nevertheless, we must conclude that defendant was not proven guilty beyond a reasonable doubt of knowingly possessing marijuana. In view thereof, the judgment is reversed.

Judgment reversed.

BARRETT, P. J., and DRUCKER, J., concur.