THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HAROLD P. HOFFMAN, Defendant-Appellant.

First District (1st Division) No. 85—1406

Opinion filed August 11, 1986.—Rehearing denied September 9, 1986.

Julius Lucius Echeles, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Mark L. Rotert and Kenneth A. Fedinets, Assistant Attorneys General, of Chicago, of counsel), for the People.

PRESIDING JUSTICE QUINLAN delivered the opinion of the court:

The defendant, Harold P. Hoffman, an accountant, was charged in a four-count misdemeanor complaint with knowingly entering false information on a Retailers' Occupation Tax return. After a bench trial, the defendant was found guilty as charged in the complaint and fined $500 on each of the four counts. The defendant's post-trial motion in arrest of judgment and motion for a new trial were denied. Hoffman now appeals from the judgment of conviction entered by the circuit court of Cook County on the four counts of the complaint.

In his appeal, the defendant raises several contentions which are, *inter alia*, that the convictions are void because the four-count complaint was not sworn to by the complainant as required by section 111—3(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 111—3(b)); that the defendant committed no offense because the drivers named in the returns, which were prepared by him, actually were not taxpayers and were not required to file returns; that the defendant was not proved guilty beyond a reasonable doubt; that the defendant was deprived of a fair trial when the trial court improperly admitted evidence respecting defendant's preparation of tax returns for two drivers not named in the four-count complaint; that the defendant was deprived of a fair trial when the court excluded evidence that the defendant had prepared Federal tax returns properly in the past; and that the charging portion of the complaint did not properly charge the offense and that the complaint was void for duplicity.

The four-count complaint here charged the defendant, Harold Hoffman, an accountant, with violation of section 13 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1983, ch. 120, par. 452). It charged that he knowingly entered false information on Retailers' Occupation Tax returns, "in that he did wilfully prepare in the name [of each of the four named individuals] a false and fraudulent Retailers' Occupation Tax Return, for the year 1981 [under a specific registration number] and that he knowlingly [*sic*] caused said fraudulent return to be filed with the Illinois Department of Revenue," in violation of chapter 120, section 452. Hoffman, an accountant, prepared the ROT returns for the four persons named in the complaint: Charles Imbergia, John Schuck, John Loerzel, and Harry Hajek. All four were called by the State and substantially testified that each was a driver of a catering truck operated by Midwest Trio Catering (Midwest), owned by Al Cimino (Cimino), that they purchased fast-food items from Midwest, loaded them onto the mobile catering trucks they leased from Mid-

west, and went out on a specifically assigned route, where they sold their goods to individuals, *i.e.*, the public. They never made a bulk sale of any kind nor did they sell to gas stations, restaurants, or taverns. They received no salary from Midwest, but would pay for the goods they obtained from Midwest usually from the sales proceeds and would keep the remainder as their profit.

All four drivers also testified that they filed sales tax returns with the State of Illinois that were prepared by the defendant. The procedure for preparation of the returns for all drivers was basically the same. They would see the defendant, who was referred to them by Al Cimino, the owner of Midwest, a few times a year but would send their daily invoices to the defendant about once a month with $10 and later $15 to pay for his services. The drivers would also send the tax returns to the defendant who would complete them and return them to the drivers who would sign them, file them and pay any amount due. The drivers testified that they had no idea where the defendant obtained the dollar amount that he used on the tax returns for "sales for resale" since they had never had any sales for resale. However, they said they never questioned the defendant regarding the figure. The drivers contended that they never provided the defendant with any amount for "sales for resale," never told him that they had made wholesale or bulk sales to anyone, never telephoned him regarding this amount and that the only figures they gave the defendant were contained in the daily sales invoices. The drivers stated they did not understand the sales tax return and did not ask the defendant for any explanation.

The State also introduced the testimony of Fred Hajek and Rudy Catalano, two drivers not named in the complaint, who testified, as to an uncharged taxable year, that the defendant also prepared their Retailers' Occupation Tax returns, and although they did not provide the defendant with any figures for "sales for resale," the returns contained such figures as a reduction of gross sales.

The defendant testified that he had in fact prepared the returns in question or that his son had done so at his direction. Defendant stated that he did all the computations on the returns but did not sign the returns as the preparer. The defendant claimed that the taxable sales figures were obtained by subtracting "sales for resale" from "gross sales," and while these figures were not included in the materials sent to him by the drivers, they had been provided by the drivers by telephone or otherwise during preparation of their returns. When the defendant attempted to introduce Cimino's testimony concerning defendant's assistance during a Federal tax audit, the court sustained

the objection of the State and barred the testimony.

At the conclusion of the case, the trial court substantially, on the basis of the above evidence, found the defendant guilty on all four counts of the complaint.

■ The defendant initially argues that the complaint was not verified, and, as such, the conviction was invalid and therefore the judgment cannot be sustained. However, the defendant never objected to the complaint here until the post-trial motion. As this court stated in *People v. Castro* (1982), 109 Ill. App. 3d 561, 567, 440 N.E.2d 1008:

> "The supreme court has consistently held that a sworn or verified complaint is not a jurisdictional prerequisite to the prosecution of a criminal offense and may be waived by a plea of guilty or by proceeding to trial without objection. [Citations.]
>
> Here, an examination of the record shows that although defendant made several motions to dismiss count 2 prior to trial, he did not specifically object to the lack of verification until after proceeding to trial on all charges. Accordingly, we conclude that defendant has waived the verification issue for the purpose of this appeal."

Since the defendant here also did not object to the lack of verification of the complaint until subsequent to the trial, we hold here that he too has waived the issue for purposes of the appeal.

■ The defendant also contends that his conviction cannot stand, because, he claims, the drivers whose returns he is alleged to have prepared illegally, were not required to file such returns and, thus, no offense was committed. The defendant's position is based on a rather convoluted manner of reasoning. First, he asserts that the four drivers named in the complaint were in fact employees of Midwest and not independent contractors, and thus, Midwest is actually liable for payment of any Retailers' Occupation Tax that was due by reason of the transactions here, and, not the drivers. This he submits is supported by the fact that the State filed criminal complaints against Al Cimino, president of the catering companies involved here, which charged, he contends, that Cimino failed to file Retailers' Occupation Tax returns for the very sales made by the drivers. Therefore, he concludes the defendant did not commit any offense.

However, contrary to the defendant's contention, the record below contains substantial evidence that the drivers here were independent contractors and not employees of the catering company, and included evidence of the defendant's own admission that Midwest had no employees but rather had independent contractors who leased trucks on a daily basis. Furthermore, there was no evidence here con-

cerning the nature of the alleged charges against Cimino or whether they, in fact, even referred to the same transactions involved here. In any event, the defendant prepared the returns, and the drivers filed them under the provisions of the Act and, surely, are to be considered taxpayers for purposes of the Act under these circumstances.

■ Next, the defendant contends that he was not proved guilty beyond a reasonable doubt. He contends that the evidence is in sharp conflict here because the four drivers named in the complaint, and the two not named in the complaint, Hajek and Catalano, testified that they provided the defendant with gross sales figures and that, on the other hand, the defendant testified that the drivers actually provided the taxable sales figures which were arrived at by subtracting "sales for resale" from "gross sales." The defendant admits that it is generally the province of the trial court in a bench trial to determine the credibility of the witnesses and to render a decision, and that the trial court can believe or disbelieve a defendant's exonerating testimony, as it deems appropriate. (See *People v. Margiolas* (1983), 117 Ill. App. 3d 363, 453 N.E.2d 842; *People v. Trump* (1978), 62 Ill. App. 3d 747, 379 N.E.2d 370.) However, he asserts that the reviewing courts will not hesitate to reverse bench trial convictions even where credibility determinations are involved, citing *People v. Quintana* (1968), 91 Ill. App. 2d 95, 234 N.E.2d 406, and *People v. Faulkner* (1967), 83 Ill. App. 2d 54, 226 N.E.2d 467.

■ The defendant contends that the trial court resolved the sharp conflict, primarily on the basis that, as an accountant for the catering company as well as the drivers, the defendant should have known that the drivers made sales to customers and not sales for resale. This the defendant submits warrants a reversal of the conviction here apparently because relying on such an assumption is illogical and that the evidence considered as a whole raises a reasonable doubt of his guilt. We disagree with the defendant's contention and believe that evidence here established the defendant's guilt beyond a reasonable doubt.

Our supreme court in *People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, set forth the standard of review where the evidence has been challenged as creating a reasonable doubt stating:

"When presented with a challenge to the sufficiency of the evidence, it is not the function of this court to retry the defendant. As the United States Supreme Court observed in *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S Ct. 2781, 2789, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecu-

tion, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' The court went on to note that, '[o]nce a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.' (Emphasis in original.) 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789.''

Here the evidence established that the defendant entered false information on the Retailers' Occupation Tax returns of the drivers in clear violation of the Act. All of the State's witnesses stated that they never provided the defendant or his son with any amounts for "sales for resale" and all were consistent with one another. Only the defendant contended that the drivers were the ones who provided the information concerning the amount included on the tax returns for sales for resale. Additionally, the court's observation regarding the fact that the defendant was the accountant for the catering company as well as the drivers and, therefore, should have known that the drivers did not sell for resale was made in context of determining the credibility of the witnesses and entirely appropriate under those circumstances.

We find that the evidence in the record is sufficient to establish the defendant's guilt beyond a reasonable doubt. Here, as in *Collins*, the resolution of the defendant's guilt or innocence depended on the credibility of the witnesses and the weight to be given their testimony. Here the trial judge accepted the testimony of the State's witnesses, and a review of the record indicates that their testimony was reasonable, credible and not improbable. The evidence in the record overwhelmingly supports the court's determination, and thus, the court's conclusion of guilt was both reasonable and proper.

The defendant next complains that the State was permitted to adduce evidence from each of the four drivers named in the complaint not only as to their 1981 returns, which was the year charged in the complaint, but also as to their returns for 1980, an uncharged year. Moreover, the defendant further complains that the State was allowed to introduce evidence, over his objection, concerning defendant's preparation of Retailers' Occupation Tax returns for two drivers, Fred Hajek and Rudy Catalano, not named in the complaint. This, the defendant says, constituted evidence of "other bad acts," which was prejudicial and violated his right to due process. When this error is considered, he further contends, with the court's improper exclusion of evidence proffered in his defense of his use of proper accounting

practices in the past, he was deprived of a fair trial.

After the State had introduced the testimony of Hajek and Catalano concerning preparation of their returns by defendant, defendant sought to introduce evidence through Cimino that the defendant had accompanied Cimino to several Federal tax audits concerning Federal returns defendant had prepared for Cimino on behalf of the catering company, and that the returns had been approved following the audits. The State objected to this evidence, and the trial court sustained the objection and excluded the evidence. The defendant contends that his evidence was relevant and admissible once the State had introduced evidence of other returns allegedly containing fraudulent information, citing *United States v. Shavin* (7th Cir. 1961), 287 F.2d 647. The court's exclusion of the evidence deprived him, defendant says, of his due process right to present a defense.

■ Although, as a general rule, evidence of other crimes committed by a defendant is inadmissible if relevant only to show defendant's propensity to commit a crime (*People v. McKibbins* (1983), 96 Ill. 2d 176, 449 N.E.2d 821), such evidence is, nevertheless, admissible to show motive, intent, identity, absence of mistake or *modus operandi* even though it may show the commission of a separate offense. See *People v. McDonald* (1975), 62 Ill. 2d 448, 455, 343 N.E.2d 489.

Here the defendant, an accountant, was charged with knowingly entering false information on Retailers' Occupation Tax returns by specifically including figures for "sales for resale," which information was false and fraudulent. To demonstrate the defendant entered the information on these returns knowingly and intentionally, the State introduced the testimony of Hajek and Catalano that the defendant had also prepared their Retailers' Occupation Tax returns, and although they, as the drivers here, did not provide figures for "sales for resale," the returns, nevertheless, contained such figures. In a similar situation, we have held that complex and involved financial crimes are particularly susceptible to proof that a defendant committed similar offenses and such proof is admissible to show intent or guilty knowledge of the pending charges. *People v. Peebles* (1983), 114 Ill. App. 3d 684, 449 N.E.2d 230.

■ ■ Additionally, it is true, as defendant contends, that he is entitled to all reasonable opportunities to present evidence which might create doubt as to his guilt. (*People v. Reese* (1984), 121 Ill. App. 3d 977, 460 N.E.2d 446.) However, as the State observes, a trial court may properly exclude evidence when its relevancy is so speculative as to impart little probative value in the evidence. (*People v. Hunt* (1981), 99 Ill. App. 3d 958, 426 N.E.2d 568.) The determination

of what is relevant is within the sound discretion of the trial court, and its decision will not be disturbed on review unless it appears that the court abused its discretion. See *People v. Franklin* (1981), 93 Ill. App. 3d 986, 418 N.E.2d 155.

The defendant's proffered testimony of Cimino was not relevant because the issue before the court here was whether the defendant wilfully prepared false and fraudulent Retailers' Occupation Tax returns. Hence, the fact that the defendant prepared Federal tax returns for Cimino which were accepted after a tax audit would not tend to prove or disprove the contested issue before the trial court here.

■ The defendant's reliance on *United States v. Shavin* is misplaced. In *Shavin*, the defendant, an attorney, was charged with using the mails to defraud insurance companies by forwarding claims to the insurance company with fraudulently increased medical bills. The defendant attempted to introduce evidence that in a similar transaction, he had submitted true and correct medical bills to the insurance companies. On appeal, the court of appeals held it was error to deny the defendant the opportunity to present the evidence. However, in the present case, the defendant did not seek to present evidence that he had on other occasions prepared and accurately reported information on Retailers' Occupation Tax returns. In *Shavin*, the defendant's evidence was relevant to rebut the charge since it involved proof that in similar transactions the defendant there had presented correct medical bills to the insurance companies, whereas, the defendant here had merely attempted to show that he had accompanied Cimino on audits of Federal tax returns he had prepared, and that he apparently was successful in sustaining the returns. This evidence simply was not relevant to the offense charged in the information, and thus, the trial court did not abuse its discretion in excluding the evidence. Therefore, in summary, we conclude that the court properly admitted the testimony of the State's witnesses, Hajek and Catalano, and properly denied the defendant's proffered testimony of Cimino.

■ The defendant further contends that the charging portion of the complaint fails to include an essential element of the offense, and hence, the complaint is fatally defective and cannot support the conviction. The charging portion of the complaint, the defendant asserts, does not allege that the defendant knowingly entered false information on the return but only asserts that the defendant prepared a fraudulent return and caused the return to be filed. The preparation of a false return does not, the defendant says, necessarily involve the entry of false information, and therefore, he concludes, the complaint

does not sufficiently allege all the elements of the offense charged, and thus, the conviction is invalid and should be reversed.

The State maintains, and we agree, that each count of the complaint, when viewed in its entirety, sufficiently sets forth the elements of the offense charged. A charging instrument is to be read as a whole, and where a statute is cited in a count, the statute and count are to be read together. (*People v. Simon* (1980), 91 Ill. App. 3d 667, 416 N.E.2d 285.) The function of the charging instrument is to advise the defendant of the nature of the accusation so that he is able to fully prepare his defense and, also, to serve as a bar to a subsequent prosecution for the same offense. (*People v. Banks* (1979), 75 Ill. 2d 383, 388 N.E.2d 1244.) Here, each count of the complaint satisfies these requirements.

Each count cites to the statute, and when the statute and charge are read together, the counts sufficiently apprise the defendant with reasonable certainty of the precise offense charged. The wording of the complaint did not hinder the defendant in preparing his defense; the record clearly indicates that the defendant understood the nature of the charge and presented a defense that he did not enter the false information on the tax returns of the drivers.

Additionally, the complaint was sufficient to be pleaded as a bar to any future prosecution as each count named a specific taxpayer and a specific date of the offense and, thus, would bar any attempted future prosecution for the same offense.

■■ The defendant's last assertion is that the complaint here charged a separate, additional offense of knowingly causing a fraudulent return to be filed, in addition to the offense intended to be charged of knowingly entering false information. This he contends renders each count void for duplicity.

We again disagree with the defendant. The counts of the complaint here charge a single offense, that of knowingly entering false information on Retailers' Occupation Tax returns of the four named drivers. The addition of the words that defendant knowingly "caused said fraudulent returns to be filed with the Illinois Department of Revenue" was mere surplusage and did not contribute to the charged offense of knowingly "entering false information" on the Retailers' Occupation Tax returns of the drivers named therein. The complaint properly alleged all the essential elements of the intended offense under the statute and the other allegation was unnecessary and not material to the charge and, accordingly, may be rejected as superfluity. See *People v. Figgers* (1962), 23 Ill. 2d 516, 179 N.E.2d 626; *People v. Ross* (1961), 21 Ill. 2d 419, 173 N.E.2d 474.

 Furthermore, the defendant's present contention that the charge here was invalid for duplicity was, in any event, waived and is not subject to review on appeal. As the court in *Village of Gurnee v. Depke* (1969), 114 Ill. App. 2d 162, 165, 251 N.E.2d 913 stated in a similar situation:

> "[T]he charge of duplicity raises a defect as to the form of the complaint which the defendant did not challenge in the trial court by a timely pretrial motion. Had he done so, the defect, if any, might easily have been cured. A motion in arrest of judgment is used to reach defects which are fundamental in nature rather than those of form. [Citation.] The alleged defect of duplicity is such that it could be, and was, waived by defendant's failure to make a timely objection thereto. [Citations.]"

Here the defendant did not advance his claim by way of a pretrial motion, but only in a post-trial motion, which was not sufficient to preserve this issue for review, and, was thus waived.

Accordingly, for all the above reasons, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

BUCKLEY and O'CONNOR, JJ., concur.