THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN CHAPMAN, Defendant-Appellant.
Second District   No. 2—86—0293

Opinion filed May 28, 1987.

30

G. Joseph Weller and Mary Kay Schick, both of State Appellate De-

fender's Office, of Elgin, for appellant.

Robert J. Morrow, State's Attorney, of Geneva (Robert J. Biderman and Kenneth R. Boyle, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

Defendant, John Chapman, appeals from his conviction of robbery (Ill. Rev. Stat. 1985, ch. 38, par. 18—1) against Francis Bonneville. On March 12, 1986, a jury found the defendant guilty, and the trial court sentenced him to six years' imprisonment. Defendant contends on appeal that (1) the State improperly bolstered the credibility of the complaining witness by introducing evidence of his prior consistent statements, and (2) the trial court erred in refusing to allow defendant to introduce testimony of the complaining witness' tendency to groundlessly accuse others of wrongdoing.

Francis Bonneville, who was 47 years old and a diabetic, testified at trial that on August 8, 1985, on his way home from a doctor's appointment, he bought a half-pint of vodka, which he stopped to drink near a viaduct on Galena Street in Aurora. Home for Bonneville was the Aurora Rescue Mission. He then crossed the street and joined six to eight other individuals who had congregated and were talking. At about 6 p.m., defendant approached Bonneville asking for money, but Bonneville claimed that he did not have any money. According to Bonneville, after the defendant persisted in his requests and Bonneville refused, defendant placed his arm around Bonneville's shoulder and hit him in the left eye several times. When he fell to the ground, defendant reached in Bonneville's pocket and took $30 from his wallet. He threw the wallet to the ground and fled. Bonneville reported the incident to the police. He further testified that on August 9, 1985, when he encountered the defendant, he demanded the return of his money. Defendant allegedly apologized for taking the money and promised to return it. Defendant never returned the money to the complaining witness.

Earl Crosby testified that on August 8, 1985, he and approximately seven other individuals were near a viaduct on Galena Street in Aurora, Illinois. Crosby observed defendant walking at Bonneville's side with defendant's arm around Bonneville's neck. Crosby, who had his back toward the defendant and Bonneville, was talking to a person named Vickie. When Vickie told Crosby to turn around, he saw Bonneville on the ground with the defendant standing over him. Defendant took bills from a wallet, threw the wallet at Bonneville's face, and

kicked Bonneville in the right side of the head. After defendant left the scene, Crosby approached Bonneville and noted that his eyebrow was bleeding. According to Crosby, Bonneville stood up on his own and left to call the police.

Officer Thomas Davis testified that at 6:15 p.m. on August 8, 1985, he was dispatched to the downtown Aurora area where he met Francis Bonneville. Bonneville complained that he had been robbed by defendant. Although Bonneville had been drinking, the officer indicated that he was understandable.

After his arrest on August 14, 1985, the defendant, who was about 20 years of age, was interviewed by Investigator Porter and Sergeant Herlihy. After the officers advised defendant of his rights, defendant claimed Bonneville gave him money to pay for a prostitute. When the sergeant expressed his disbelief, defendant stated that Bonneville gave him $31, but defendant was mad and beat him. Eventually, defendant admitted, "Well, I kind of pushed him down and then he gave me the money."

The sole defense witness, Dr. Kluczynski, a doctor of clinical psychology, testified that in his opinion, the victim suffered from chronic alcoholism. Dr. Kluczynski also testified that chronic alcoholics have a tendency to confabulate and fill in a series of events when they cannot remember. In response to defense counsel's hypothetical, Dr. Kluczynski stated that a person with Bonneville's traits would likely experience some perception and memory problems.

On cross-examination, the defense counsel objected to the prosecutor's asking Dr. Kluczynski whether an alcoholic's memory of an event would gain credence if he had repeated the same story consistently. The prosecutor agreed to reword the question. The court allowed the prosecutor to ask as part of his own hypothetical:

"Assuming all of those things to be true, does the fact that the individual made the immediate complaint and made repeated complaints where no inconsistency was shown, does then that also lend credence to the version of events that the alcoholic may have given?"

When the witness stated he did not know if he could answer with a yes or no, the prosecutor asked:

"Well, I'm not asking you if that fact alone, the fact of repeated — giving repeated statements about the version of events in and of itself is significant, I'm asking you if that fact, the fact of no inconsistencies being shown in repeating the statement over time, in addition to all those other situations we described, do those facts then lend credence to the story that the alcoholic

gave?"

The doctor answered, "Yes." Shortly thereafter the prosecutor inquired of the doctor:

"And the fact that he remembers the event in question months later, that would also have some significance to show his veracity or accuracy, would it not?"

After clarification of the question, the witness agreed.

■ Defendant's first contention is that the trial court should have prohibited the prosecutor from introducing the victim's prior consistent statements and from referring to them in the closing argument. The general rule is that the testimony of a prior statement consistent with trial testimony is not admissible evidence. (*People v. Olesch* (1986), 143 Ill. App. 3d 577, 587, 492 N.E.2d 1381.) Prior consistent statements, however, may be used to rebut an expressed or implied charge that the witness is motivated to testify falsely or that his testimony is a recent fabrication. *People v. Silvestri* (1986), 148 Ill. App. 3d 980, 985-86, 500 N.E.2d 456.

■ In this case, the prosecutor did not provide a witness who on direct examination repeated a specific statement made by Bonneville. If that were the case, the danger would be that the jury would likely attach disproportionate significance to prior consistent statements. Repetition lends credibility to testimony that it might not otherwise deserve. (*People v. Smith* (1985), 139 Ill. App. 3d 21, 33, 486 N.E.2d 1347; *People v. Hudson* (1980), 86 Ill. App. 3d 335, 339-40, 408 N.E.2d 325.) The State, in order to rebut Dr. Kluczynski's testimony that the victim's alcoholic condition caused him to fabricate events that he could not remember, questioned the witness on cross-examination regarding the significance of the victim's repeating the same story over time. Since the defense counsel brought into issue whether the victim's memory was impaired, the trial court properly allowed the State to further question Dr. Kluczynski. Dr. Kluczynski's answer indicated that the fact that the witness could remember the story over time demonstrated a capacity to recall events.

■ The second reference to the fact that Bonneville made prior consistent statements is contained in the prosecutor's closing argument. The prosecutor stated, in relevant part:

"And during the course of all these stories that he tells, people are writing them down, they are taking notes, they are comparing police reports, making notations of everything that he says about this incident. At least four times he repeats this story over the course of the last seven months. And my point is that there was something you did not hear in this courtroom about those

stories that he told, about his report of the incident over and over again. You did not hear Francis Bonneville impeach — [defendant's objection overruled].

\* \* \*

Once again, what did you not hear in court? You did not hear any substantial contradiction during the cross-examination of the witness or at any other time, no impeachment of him about what happened on the day in question."

The trial court overruled defense counsel's objection to this argument, indicating that the State could argue that the defendant did not impeach Bonneville's testimony. Our interpretation of the argument is consistent with the trial court's views. Courts have held that a prosecutor may comment that the State's witnesses were not impeached or contradicted as long as they do not draw attention to the fact that the defendant chose not to testify. See *People v. Richard* (1980), 88 Ill. App. 3d 247, 254, 410 N.E.2d 459.

■ Even if the jury misinterpreted the argument and concluded that the repetition of statements bolstered the victim's testimony, allowing the prosecutor's comments was harmless error. Although the statements tended to corroborate Bonneville's testimony, his testimony was substantially corroborated by other properly admitted evidence. (See *People v. Olmos* (1978), 67 Ill. App. 3d 281, 295, 384 N.E.2d 853.) Earl Crosby testified that he witnessed part of the occurrence. He saw the defendant taking money from Bonneville's wallet, throwing the empty wallet at Bonneville, who was lying on the ground, and kicking Bonneville in the head before fleeing. Additionally, the defendant told the police after having been fully warned of his rights: "Well, I kind of pushed him down and then he gave me the money." Photographs of Bonneville substantiate his claim of being injured. Therefore, the defendant's conviction for robbery should stand because the evidence overwhelmingly supports his guilt. *People v. Reese* (1984), 121 Ill. App. 3d 977, 987, 460 N.E.2d 446.

■ ■ The defendant's second contention on appeal is that the trial court improperly excluded the evidence that Bonneville had falsely accused another individual of theft. Defendant sought to introduce testimony that Bonneville, on one occasion, had accused an individual of stealing his suitcase, which was subsequently returned to him by the accused, who allegedly received it from a third person. The defendant is entitled to all reasonable opportunities to present evidence which might create doubt as to his guilt. (*People v. Reese* (1984), 121 Ill. App. 3d 977, 988, 460 N.E.2d 446.) A trial court, however, may properly exclude evidence when its relevancy seems too

speculative as to impart little probative value in the evidence. (*People v. Hunt* (1981), 99 Ill. App. 3d 958, 965, 426 N.E.2d 568.) The trial court found in this case that the accusation was an isolated incident, unlike the pattern established in *People v. McClure* (1976), 42 Ill. App. 3d 952, 954, 356 N.E.2d 899. We agree. The determination of relevancy is within the discretion of a trial court, and its decision will not be disturbed on review unless it appears that the court abused its discretion. *People v. Hoffman* (1986), 146 Ill. App. 3d 823, 831-32, 497 N.E.2d 366.

Finally, we observe that in *People v. Smith* (1968), 41 Ill. 2d 158, 161, 242 N.E.2d 198, the supreme court indicated that the fact that a witness is a narcotics addict has a bearing upon his credibility; however, it does not follow that his testimony must necessarily be disbelieved, especially when corroborated by other witnesses. Similarly, the fact that the complaining witness in this case admits that he is an alcoholic does not necessarily undercut his corroborated testimony.

For the foregoing reasons, the defendant's conviction is affirmed.

Affirmed.

LINDBERG, P.J., and WOODWARD, J., concur.